EVERETT v. BEEBE.

1. **Tax sale:** FRAUDULENT ACTS OF TREASURER. Where the treasurer bids off lands at a tax sale conducted by himself, as agent of the purchaser from whom he has received money for that purpose, and for which he was to receive a commission for his services, the sale will be invalid. Following *Corbin* v. *Beebe*, 36 Iowa, 336.

2. —— AMOUNT TO BE PAID BY OWNER. But the owner in such case, on having the deed set aside, must pay to the purchaser the amount which he would have had to pay to the treasurer in order to satisfy all the taxes if they had not been paid by the purchaser. The purchaser in such case is held to have acquired the right of the State and county in this respect.

*Appeal from Cass District Court.*

WEDNESDAY, OCTOBER 29.

THIS is a suit in equity to set aside a tax sale and deed, made by the treasurer of Cass county to the defendant for the south half of the south-east quarter, and the north-west quarter of the south-east quarter of section three, township 75, range 34. The tax sale was made January 4, 1864, for the delinquent taxes of 1861 and 1862; and the tax deed was executed March 23, 1867. This action was brought December 14, 1868. The district court rendered judgment for the plaintiff. The defendant appeals. The further facts are sufficiently stated in the opinion.

*Temple & Phelps* for the appellant.

*Phelps & De Lano* for the appellee.

COLE, J. — I. The plaintiff proved title to the land in controversy, in himself, by patent from the government to him therefor. He also proved that at the sale to defendant for taxes he was not personally present, but had sent his money to the treasurer of the county with directions to bid off for him to the amount of the money sent, and for which services of the treasurer he was to pay a reasonable commission; and that under such arrangement the treasurer bid off or struck off to the defendant the land in controversy. Section 775 (Rev. 1860) provides that "if any county treasurer or clerk shall be hereafter, either directly or indirectly, concerned in the purchase of any real property sold for the payment of taxes, he shall be liable to a penalty of not more than $1,000, to be recovered in an action in the district court brought by the board of supervisors * * * * *." It was held by this court in *Corbin* v. *Beebe*, 36 Iowa, 336, as respecting the sale of another piece of land by the same treasurer, under the same arrangement, that the treasurer was "concerned in the purchase," and that the prohibition of the statute entitled the owner to have the title conveyed by the treasurer's deed set aside or disregarded. Following that case, the order setting aside the deed in this must be affirmed.

1. TAX SALE.

II. It appears by the evidence set out in the abstract that the defendant not only paid the amount of taxes due on the land at the time of sale, but he also paid the taxes thereon each year up to 1871. The question is made, but not argued by counsel on either side, as to how much is the defendant entitled to on account of the taxes so paid. By Revision 1860, section 784, the tax deed is declared to "vest in the purchaser all the right, title, interest and estate of the former owner in the land conveyed, and also all the right, title, interest and claim of the

2. —— amount to to be paid by owner.

State and county thereto   *   *   *   *   *." While the vio-
lation of the prohibition to the treasurer from being concerned
in the purchase will, at the election of the owner, set aside the
deed so far as to defeat his title, it nevertheless may well be
held to pass the right and title of the State and county thereto,
to the purchaser. The amount, therefore, which the owner,
the plaintiff, should pay to 'the purchaser, the defendant,
is the amount which he would have to pay to the treasurer
in order to satisfy all the taxes, if they had not been paid by
the purchaser. The cause may be remanded for judgment
accordingly in the district court; or, at the defendant's request,
judgment will be rendered here. In either case the plaintiff
will pay the costs of this appeal.

Modified and affirmed.