## EASTON v. MAWKINNEY.

**Tax sale:** COMBINATION BETWEEN PURCHASERS. Where the bidders at a tax sale formed a ring and each bid and took the piece or tract offered as his turn came, the sale was held void, on the ground of unlawful combination between bidders to prevent competition.

*Appeal from Winneskeik District Court.*

FRIDAY, DECEMBER 12.

ACTION by ordinary proceedings for the recovery of real property — the south-west quarter of the south-east quarter of section 18, township 96, in range 10 west. The petition is in the usual form, and the plaintiff claims that he is the absolute owner in fee, and has the right of immediate possession, which the defendant wrongfully withholds. The answer denies each allegation of the petition, and for equitable defense avers ownership in defendant; that plaintiff only claims title by virtue of a tax deed based on a sale made November 2, 1863, and that said sale was made under a corrupt combination between plaintiff and other bidders to defeat competition. Reply in denial. Trial of the equitable issue to the court, and judgment thereon for the defendant. The plaintiff appeals.

*E. E. Cooley* for the appellant.

*Levi Bullis* for the appellee.

COLE, J. — Upon the trial of the equitable issue, the defendant made proof of a regular chain of title to himself from the government; he then introduced a witness who testified as follows: I attended the tax sale in Winnesheik county, November 2, 1863. All the bidders formed a ring, and each took a piece as his turn came, alternately, until the entire list was exhausted. The plaintiff was there and made bids at the sale and there were no lands sold in any other manner. Another witness testified substantially the same, and added further that he "kept the tally list of the ring and called the names off, each taking a bid in his turn," and the plaintiff got thirty-six pieces at that sale. An astute argument is made by appellant's counsel to demonstrate that the language of the witnesses that "each took a piece as his turn came" and "each taking a bid in his turn" does not negative the idea that competitive bids were made, or imply that each, in turn, purchased an entire tract upon his single bid. But it seems to us that a fair construction of the testimony shows an unlawful combination among the bidders to defeat competition, which renders the sale void as against the purchasers; and while, as a court, we are (though not without reluctance) willing to fairly interpret and enforce our revenue law, even in the severity of its letter and spirit, yet we cannot be led beyond it, nor to sanction any combination against or violation of it, which will add, in the least, to its severity or increase, to any extent, its burdens.

Affirmed.