Watson v. Phelps.

WATSON ET AL. V. PHELPS ET AL.

1. **Tax Sale**: ASSIGNMENT OF CERTIFICATE. The assignee of a tax certificate acquires no greater right than the original purchaser and his title is subject to all infirmities attending the sale.

2. ———: ———: INNOCENT PURCHASER. One who holds under a quitclaim deed from the assignee of a tax certificate void for fraudulent combination, is not entitled to protection as an innocent purchaser.

3. **Deed**: QUIT CLAIM: INNOCENT PURCHASER. The grantee of a quit claim deed is not to be regarded as a *bona fide* purchaser without notice of outstanding equities.

4. **Parties**: TAX DEED: TITLE BOND. The obligors in a contract for the sale of real estate, under which the obligee had taken possession, although the consideration was not fully paid, have such an interest in the realty as entitles them to unite with him in an action to set aside a tax deed.

*Appeal from Cass District Court.*

WEDNESDAY, JUNE 9.

ACTION in chancery to set aside a tax sale, and deed of certain lands on account of fraud in conducting the sale. There was a decree granting the relief prayed for from which defendants appeal. The facts of the case fully appear in the opinion.

*Phelps & DeLano*, for appellants.

*Temple & Phelps*, for appellees.

BECK, J.—The lands in controversy were purchased at a sale for taxes in 1868, by one Dickerson, who transferred the certificate of sale to Eldridge, and a treasurer's deed was made to him. He conveyed by quit claim deed to defendant Patterson. Phelps acted as the agent of Dickerson at the tax sale. All of these persons are made defendants. It is shown by the evidence that there was a fraudulent combination of bidders at the sale, which will defeat the title unless the holder be protected as an innocent purchaser.

I. We will first inquire whether Eldridge, who had no

notice of the fraud, can be regarded as an innocent holder of the title. He was the assignee of the certificate of sale, and received from the treasurer the deed. The certificate possesses none of the peculiar characteristics of negotiable paper, and the transferee is not protected as the indorsee of such instruments. The statute provides that the certificate shall be assignable, and that the assignee shall acquire "all the right and title of the original purchaser." Code, § 888, Rev. § 778. Outside of the statute he acquires nothing more. *Griswold v. Wilson*, 36, Iowa, 156. He acquirs no title to the land by the certificate, simply the right to a deed at the time prescribed by the statute. Indeed it would seem that as the sale is not completed until the deed be made, (*Eldridge v. Kuehl*, 27 Iowa, 160,) he must be regarded as a party thereto, for it is completed by the execution of the deed to him. At all events he acquires no greater right than did the original purchaser, and the title in his hands must therefore be subject to infirmities arising at the sale. Patterson therefore cannot be protected on the ground that Eldridge is a good faith purchaser.

*[margin: 1. TAX SALE: assignment of certificate.]*

II. But it is claimed that Patterson himself had no actual notice of the fraud, and he will therefore hold the land as an innocent purchaser. The title which he holds was conveyed to him by Eldridge, by a quit claim deed. One holding title under such a deed is not to be regarded as a *bona fide* purchaser, without notice of equities held by others. *May v. LeClare*, 11 Wal., 217; *Oliver v. Pratt*, 3 How., 333; *Bragg v. Paulk*, 42 Me., 502; *Smith's Heirs v. Bank of Mobile*, 21 Ala., 125; *Boon et al. v. Chiles et al.*, 10 Pet., 177; *Vattier v. Hinde et al.*, 7 Pet., 252.

*[margin: 2. ——: ——: innocent purchaser.]*

III. The plaintiff, Watson, inherited an interest in the land; he and his co-heirs contracted to sell it to the other plaintiff, Rogers, who is in possession though, he has not paid fully the consideration, and has received no deed. These parties have such an interest in the property as will authorize them to unite in this action to cancel, and set aside the tax title held by Patterson.

*[margin: 4. PARTIES: tax deed with bond.]*

IV. Besides the relief granted to plaintiff by the decree of

the District Court, the defendants were adjudged to be entitled to recover $62.34, the amount of taxes, penalty, etc., due the state and county, and paid by them, and the judgment rendered therefor is made a lien on the lands. No complaint is made by either party as to this relief. The decree as rendered by the court below will be

AFFIRMED.