SHOEMAKER V. PORTER ET UX.

1. **Tax Sale:** REDEMPTION: CONTRACT. ·An agreement between the tax purchaser and the owner, that the latter shall be allowed additional time for redemption, is a valid one, and may be enforced. Interest at ten per cent. per annum upon taxes paid and penalties, from the time the agreement was made, may be collected by the tax purchaser.

2. **Practice:** TENDER: TAX SALE. An offer to pay an amount necessary to redeem from tax sale, unaccompanied by a tender, will not relieve the owner of land who is successful in an action to redeem from tax sale, from the payment of costs therein.

*Appeal from Warren Circuit Court.*

WEDNESDAY, SEPTEMBER 22.

THIS action was brought to recover possession of the W. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of section 22, and the W. $\frac{1}{2}$ of S. W. $\frac{1}{4}$, and S. W. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ of section 15, all in township 77, range 28. The plaintiff claims to be the absolute owner thereof, and that he is entitled to three hundred dollars damages for being unlawfully kept out of the possession of the same. The defendants filed an answer in general denial, and also a cross petition in equity, averring that they were the owners of the lands; that the plaintiff claims title thereto under certain tax sales and deeds; that defendants had redeemed from part of said sales, and by an agreement with plaintiff were to have further time to redeem from the other sales; that the plaintiff had secretly and fraudulently obtained the tax deeds; that the sale and deeds were void, because of sale in gross, and other specified causes; they also set up a claim to a dower interest and rent thereof in the E. $\frac{1}{2}$ of S. E. $\frac{1}{2}$ of section 16, in same township and range. They ask for an accounting, and that they be permitted to redeem, etc. The plaintiff denies the allegations of the cross petition. Upon the trial of the equitable issues to the court below, a judgment was rendered for the plaintiff for the possession of the property and costs. The defendants appeal.

*Todhunter & Williamson,* for appellee.

The treasurer's tax deed conveyed to the purchaser an orig-

inal, new, and independent title, divesting every other title. (*Crum v. Cotting*, 22 Iowa, 411; Rev., Sec. 784; Code, Sec. 897.) The fact that the land sold for taxes was assessed in the name of the father of one of the defendants, after his death, will not invalidate the sale. He was the owner of record, no partition at the time having been made.

There was no law in force at the time, directing the assessor to assess lands belonging to resident and known owners in the smallest congressional subdivision. If he was not required to so assess, then the treasurer would not be required so to sell. The acts of the assessor not required by law could not be used to invalidate or set aside the treasurer's deed. We maintain that a deed reciting a sale in gross is not therefore necessarily void. It may be so, or not, according to testimony. The treasurer may be introduced as a witness to show that the land was sold in parcels, or, if the deed shows a sale in parcels, he may be introduced to show that in fact it was sold in bulk. (*Gray v. Coan*, 30 Iowa, 536; *Hurley v. Street*, 29 Iowa, 429). The treasurer also has the right to make a second deed, making it conform to the facts. See *McCrady v. Sexton et al.*, 29 Iowa, 356.

The principal question of law presented by appellants is, "Whether the tax deed of 1865 was cured by the statute of limitations," that is, will the statute of limitations cure a sale in mass?

The statute was made expressly for the purpose of curing such defects and irregularities. That it will do so is, beyond question, decided by this court in the case of *Thomas v. Stickle*, 32 Iowa, 71, and authorities cited.

*Bryan & Seevers* and *Phillips & Phillips*, for appellants.

A tax deed upon land lying in different sections, assessed and valued in separate parcels, and sold in bulk for a gross sum, is invalid.

When lands are assessed and sold without any definite description, the tax deed is invalid.

The plaintiff having purchased the certificate of tax sale for the benefit of the owner, his tax deed should be cancelled.

COLE, J.   It is not necessary to state the evidence or plead-
ings at length, both of which are quite voluminous.  We need
only state the conclusions of fact and law to
which we are lead.   The land in controversy all
formerly belonged to one William Harris, who died intestate,
in June, 1857, leaving a widow and fifteen children as his
heirs at law, the defendant, Cynthia Porter, being one.   One
of the children died without issue shortly after the death of
the father.   The defendants, by descent and purchase, became
the owners of all the shares but four.   At the tax sale in 1862
the plaintiff purchased all the land, and in July, 1865,
obtained a tax deed therefor.   In March, 1869, upon a settle-
ment had between the parties, respecting some matters be-
tween them, the defendants conveyed to the plaintiffs the E. ½
of the S. E. ¼, section 16, in the same township and range,
their title to which was of the same extent and derived in the
same manner as to the lands in controversy, and which land was
also included in the tax sale just mentioned.   The considera-
tion named in the conveyance was eight hundred dollars, but
the real consideration was five hundred dollars, and the agree-
ment of the plaintiff to settle with the owner of the four out-
standing shares in said eighty acres at his own expense.   All
the lands, including the eighty acres in section 16, were after-
wards sold at tax sale to one Lacy, and afterwards, by agree-
ment between plaintiff and defendants, the plaintiff redeemed
the land from said sale under an agreement with the defend-
ants that they should have further time at ten per cent inter-
est, to redeem the same from him.

The dower interest of the widow of William Harris, in all
his lands, was assigned to her, being fifty-six acres, in the
eighty acres conveyed by the defendants to the plaintiff.  After
such conveyance, defendants became the owners of the dower
interest, and, under their conveyance to plaintiff, which
was a general warranty deed, that interest passed to the plain-
tiff.   The plaintiff was entitled at the time this suit was
brought, December 13, 1872, to the sum of $863.22, to reim-
burse him for taxes paid, penalties, interest, etc.   It follows
from these facts that the plaintiff is the absolute owner, so far

*[margin note:] 1. TAX SALE: redemption: contract:*

as the defendants are concerned, of the eighty acres conveyed by them to him, free from any claim of dower interest of the widow of William Harris, or of rent therefor; that the defendants have the right to redeem the remaining lands in sections 15 and 22, upon paying the sum of $863.22, together with the ten per cent. *per annum* interest thereon from December 13, 1872. The defendants not having tendered the money, but only expressed their readiness and willingness to pay the amount required to redeem, will be adjudged to pay all the costs of the court below. Plaintiff and appellee will pay the costs in this court.

2. PRACTICE:
tender:
tax sale.

REVERSED.