## LIGHT v. WEST.

1. **Tax Sale:** ASSIGNMENT OF CERTIFICATE: INFIRMITIES IN. The assignee of a tax certificate holds it subject to all the infirmities by which it would have been affected in the hands of the tax purchaser.

2. **———: ———:** FRAUD: BURDEN OF PROOF. Where fraud in the sale has been established, and the assignment is also alleged to have been faudulent, the assignee must show affirmatively that he is a *bona fide* purchaser for value.

3. **Statute of Limitations:** TAX SALE: EQUITY. Equity will not interfere to deprive one of the right to contest the validity of a tax sale, alleged to have been fraudulent, within a shorter time than that which limits the commencement of an action at law.

4. **Tax Sale:** WHEN SET ASIDE: REIMBURSEMENT OF PURCHASER. The purchaser of land at a tax sale, which is afterwards declared void on account of fraud at the sale, is entitled to be paid an amount which the owner would have been compelled to pay to satisfy all the taxes upon the land.

*Appeal from Howard Circuit Court.*

WEDNESDAY, DECEMBER 15.

ACTION in chancery. The petition shows that certain lands owned by plaintiff were sold for taxes in 1856, and purchased

by G. W. Strother, who assigned the certificate of purchase to James H. Easton, to whom the tax deed was made. Easton conveyed the land to West. Strother and Easton are joined as defendants. The sale is alleged to be fraudulent and void on the ground, among others, that Strother bid in the land in pursuance of an arrangement and combination between himself and other bidders, whereby competition was cut off by each bidder in turn taking the whole of tracts of land for the taxes due thereon, the others agreeing not to bid against him in consideration that each of them, when their turn should come to bid, in a like manner, should be free from competition. The petition shows that Easton was the assignee of the certificate of purchase, and that West " had full knowledge of the defects in Easton's title, and had knowledge of the manner in which the land was purchased at the tax sale and of the manner in which the sale was conducted," and that the sale of the land by Easton to him " is fraudulent and was made by collusion between said defendants to perfect the title to said land and to defraud plaintiff." The petition prays that the tax sale and deed may be declared fraudulent and void and be set aside, and the title held by defendant, West, be decreed to be of no effect, and plaintiff's title be quieted:

The answer denies the allegations of the petition and claims title in West to the land under the tax sale, and, asking relief as upon a cross petition, prays that the title may be quieted in defendant. It further prays that in case the tax title be held void, West may recover the amount of taxes levied and collected since 1863, the year in which the taxes for which the land was sold became delinquent, with interest thereon as allowed by statute upon delinquent taxes.

Upon the final hearing plaintiff's petition was dismissed and the relief prayed for by defendants was granted. Plaintiff appeals.

*H. T. Reed*, for appellant.

An unlawful combination among the bidders at a tax sale will vitiate the title in the hands of the purchaser. (*Kerwer v. Allen*, 31 Iowa, 578; *Easton v. Mawkinney*, 37 Iowa, 601.)

By the assignment of a certificate of purchase the assignee acquires only the rights of the assignor, and he holds subject to all the equities which might have been urged against it in the hands of the latter. (*Watson v. Phelps*, 40 Iowa, 482; *Bush v. Lathrop*, 22 N. Y., 535.) The assignee having received his deed directly from the treasurer will be considered a party to the sale and the fraud. (*Eldridge v. Kuehl*, 27 Iowa, 160.) It having been established that the title of the purchaser is fraudulent, the burden is upon the defendant to show the *bona fides* of his purchase, and this he is bound to do by evidence outside of the recitals in his deed. (*Watson v. Edwards*, 23 Texas, 447; *Sillyman v. King*, 36 Iowa, 207; *Kittridge v. Chapman*, Id., 348; *Falconbury v. McIlravy*, Id., 488; *Lane v. Krekle*, 22 Id., 406; *Rogers v. Burchard*, 7 Am. Rep., 286.) The sale of the land in forty acre tracts, it having been assessed to a known owner in eighty acre tracts, invalidated the sale. (*Willey v. Scoville*, 9 Ohio, 43.)

*E. E. Cooley*, for appellee.

The plaintiff must have alleged all the facts tending to show the *bona fides* of the defendant's purchase. (*Sillyman v. King*, 36 Iowa, 207; *Lane v. Krekle*, 22 Id., 406; *Clapp v. Cedar County*, 5 Id., 15.) The deed from the purchaser to his grantee being a regular conveyance, and the latter not having been shown to have purchased with notice of plaintiff's equities, he must be considered a bona fide purchaser for value and thus protected. (*Van Schaack v. Robbins*, 36 Iowa, 201; *Sibley v. Bullis*, 40 Iowa, 429.) It is the policy of the law to protect judicial and tax sales, and an application to cancel one should be made within a reasonable time. (*Stewart v. Marshall*, 4 G. Greene, 75; *Cunningham v. Felker*, 26 Iowa, 117; *Wallace v. Berger*, 22 Id., 456.) The deed is conclusive respecting the manner of the sale. (*McCready v. Sexton*, 29 Iowa, 398.)

BECK, J.—I. In our opinion, the allegations of the petition as to the fraudulent combination of bidders at the sale, in

which Strother participated, are fully supported by the evidence. Strother himself testifies positively and directly that such a combination existed, to which he was a party, and that the sale was conducted in pursuance therewith. He is not contradicted, but rather supported, by other witnesses, and upon this point there is no conflicting evidence.

II. Easton, taking the certificate as the assignee of Strother, 1. TAX SALE: acquired no other or greater right than the purassignment of certificate. chaser at the sale, and, as to all the infirmities thereof, stands in his shoes. *Watson v. Phelps*, 40 Iowa, 482.

III. The plaintiff alleges in the petition, and establishes by evidence, the fraudulent character of the tax sale; he also 2. ———: ———: sets up that West is not a *bona fide* holder of the fraud: burden of proof. title, that the conveyance to him was fraudulent as against plaintiff, for the purpose of defeating his defense to the tax title. The fraud alleged, as we have found, was established by the proof. Under these circumstances, the holder of the title under the fraudulent tax sale must show that he is a *bona fide* holder, and the *onus* of proof, in the first instance, rests upon him. *Sillyman v. King*, 36 Iowa, 207; *Falconbury v. McIlravy et al.*, Id., 488; *Lane v. Krekle*, 22 Id., 400; *Smith v. Sac County*, 11 Wal., 139; *Kitteridge et al. v. Chapman*, 36 Iowa, 348; *Throckmorton v. Ryder*, *infra*.

The defendant made no attempt to show that West was a *bona fide* purchaser for value. His title, therefore, in this proceeding, must be regarded as tainted with the fraud shown to exist at its inception. It cannot be supported.

IV. Defendant insists that plaintiff has slept upon his rights so long that equity will not now interfere to protect 3. STATUTE of him. The period prescribed by the statute, five limitations: tax sale: years, in which actions to recover land sold for equity. taxes are limited, had not expired, when the suit was brought. While equity will, usually, in analogy to the law, follow the statutes of limitation, it will not, in any case, cut off rights of parties to relief within a time shorter than that prescribed by the statute for bringing actions at law, unless the other party is shown to have been prejudiced by

delay in some manner, which would render it inequitable to grant the relief sought. It is not pretended that anything of the kind exists in the case before us. The delay, therefore, in bringing the action affords defendant no protection to his title.

V. The defendant prays in his answer, which is made a cross-bill, that, if the tax title be held invalid, he may recover the amount of the taxes paid by him, including the taxes for which the land was sold, with interest thereon as provided by statute. He is entitled to this relief. *Everett v. Beebe*, 37 Iowa, 452. He holds by virtue of the sale and deed the right of the State and county to the taxes. "The amount, therefore, which the owner, the plaintiff, should pay to the purchaser, the defendant, is the amount which he would have to pay to the treasurer in order to satify all the taxes, if they had not been paid by the purchaser." *Everett v. Beebe*, *supra*. The cause will be remanded to the Circuit Court, where the amount to which the defendant is entitled under this rule will be ascertained. A decree will be there rendered setting aside the tax sale and deed, and declaring the title of defendant, West, to be fraudulent and void, and quieting the title in plaintiff. A judgment will be rendered in favor of the defendant and against plaintiff for the amount due him on account of taxes paid, to be determined as above pointed out.

REVERSED AND REMANDED.

*Margin note: 4. TAX SALE: when set aside: reimbursement of purchaser.*