## BESORE v. DOSH ET AL.

1. **Tax Sale**: WHEN INVALID: SELECTION BY TREASURER. To constitute a valid sale of lands for delinquent taxes, the lands must be publicly offered as required by statue, and a mere selection of them by the treasurer and marking them "sold," at the request of an intending purchaser, will not constitute a sale.

2. ———: ASSIGNMENT OF CERTIFICATE. A certificate of purchase at tax sale in the hands of an assignee is chargeable with all the infirmities that would affect it in the possession of the original holder.

3. ———: WHERE DEED IS SET ASIDE: RECOVERY BY TAX PURCHASER. Where a tax deed is set aside for fraud or other causes, the holder of the tax title may recover from the owner of the land an amount equal to the sum which would have been necessary to discharge the land from taxes, if they had not been paid by the purchaser.

*Appeal from Decatur District Court.*

THURSDAY, MARCH 24.

ACTION to set aside a tax sale and deed of certain lands now claimed by defendant, Thompson, situated in Decatur county, and to quiet the title thereof in plaintiff, who was the owner at the time of the tax sale which is alleged to be void. There was a decree in the District Court granting the relief prayed for in the petition. Defendants appeal.

*Dosh Brothers*, for appellants.

*Morrison & Robb*, for appellee. .

BECK, J.—The tax title which is assailed in this action is based upon an alleged sale of the lands by the county treasurer in 1869 to Edwin Manning who, by his agent, assigned the certificates to defendant Dosh; he conveyed the land after the deed was executed by the treasurer to his co-defendant Thompson.

I. This title is unquestionably void for the following reasons: There was in fact no sale of the lands. The agent of Manning applied to the treasurer, informing him that he had a certain amount of money to invest for his principal in purchases at the tax sales, and desired selections of lands that would be redeemed from sales.

1. TAX SALE: when invalid: selection by treasurer.

There was no offering of the land for sale and no bidding by Manning's agent or any other one. The treasurer selected the lands and marked them "sold" and made out the certificates to Manning. In the transaction so far there is nothing like a public sale of the lands as required by the statute. Code, § 871. But the irregularity and disregard of law increases as the transaction advances. For some reason Manning declined to take the certificates. Thereupon the treasurer procured the assignment in blank of Manning's agent upon the certificates and accounted for the lands as having been sold— "*carrying* the certificates" himself, as it is termed. The treasurer becoming a defaulter, absconded. (We would expect an officer, who should conduct public business in the manner described, to run away in order to escape punishment for crime.) The certificates issued to Manning and assigned in blank as aforesaid were found in the treasurer's office or elsewhere, and seized by his sureties as assets belonging to him. They were sold to defendant Dosh for the benefit of the sureties, and the blanks in the assignment filled up and deeds executed thereon to him.

That there was no sale of the lands to Manning is plain, for the reason that he refused to accept the certificates and the treasurer acquiesced in such refusal. If, prior thereto, the proceedings were regular, this act of the parties had the effect to set aside the sale.

It cannot be pretended that there was a sale to any other person. The lands were not in fact sold to the treasurer; if they had been the sale would have been void. Code, § 885.

II. The defendants cannot be protected as innocent purchasers. Dosh, as the assignee of the certificates, is chargeable with all infirmities that would affect the instruments in the hands of the party of whom he purchased, or who appeared thereon as the purchaser. *Light v. West*, 42 Iowa, 138.

2. ——: assignment of certificate.

Thompson holds under a quit claim deed and, for that reason, is chargeable with notice of all infirmities in the title he acquired thereby. *Watson v. Phelps*, 40 Iowa, 482; *Smith v. Dunton*, 42 Iowa, 48.

We conclude that defendant, Thompson, holds no title to the land under the tax sale and deed which are the foundation of his claim.

III.   We have uniformly held that in cases where tax deeds are set aside for fraud or on other grounds, the holder of the tax title may recover from the owner of the land an amount equal to the sum which would have been necesssary to discharge the land from taxes, if they had not been paid by the purchaser.  *Everett v. Beebe*, 37 Iowa, 452.   We have followed this ruling in several cases. See *Light v. West supra*, and *Oliver v. Montgomery*, 42 Iowa, 36.

<div style="margin-left:2em">3. ——: where deed is set aside: recovery by tax purchaser.</div>

A decree will be entered here in conformity with this opinion, setting aside the tax sale and deed under which defendant, Thompson, claims the land, and granting plaintiff title thereto. A commission will be appointed, if not agreed upon by the parties, to ascertain and settle the amounts for which defendants should have judgment on account of the taxes upon the land under the rule above announced, and upon the coming in of the report of the commissioners judgment will be rendered here; or, if defendants so elect, the cause will be remanded to the District Court for such proceedings to be had there.

The plaintiffs will pay the costs of this appeal.

<div style="text-align:center">MODIFIED AND AFFIRMED.</div>