OREGON S. N. CO. (WALLAMET R. T. CO. v.). See Case No. 17,106.

OREGON STEAMSHIP CO. (KOCH v.). See Case No. 10,572.

O'REILLY (AUSTIN v.). See Cases Nos. 664 and 665.

## Case No. 10,563.

### O'REILLY v. HOLT et al.

[4 Woods, 645.] [1]

Circuit Court, S. D. Mississippi. May Term, 1877.

CONSTITUTIONAL LAW — TAKING PROPERTY FOR PUBLIC USE WITHOUT COMPENSATION—SALE FOR TAXES WITHOUT NOTICE —DUE PROCESS OF LAW —PURCHASE BY DEPUTY SHERIFF—REDEMPTION —INCUMBRANCER.

1. An act of the legislature of Mississippi, passed November 27, 1875, which levied a uniform tax of 10 cents per acre per annum for levee purposes on all lands in certain counties in the state, and directed, without further notice to the owner, a sale on a specified day of all lands on which the tax had not been paid when due, is not in violation of section 13 of the bill of rights of the constitution of Mississippi, which prohibits the taking of private property for public use without just compensation, or of section 10, which declares that a citizen shall not be deprived of his life, liberty, or property but by due process of law.

2. The fact that the purchaser at a tax sale was the deputy of the sheriff by whom the sale was made, does not render the sale ipso facto void, when it is not shown that the deputy had any part in making the sale, and there is no suggestion of any unfair practice or mala fides on his part in reference thereto.

3. The naked fact that the purchaser at a tax sale is clerk of the chancery court, in whose office the deed, to have effect, must be filed on the day of sale, does not render the sale absolutely void.

4. The owner of land sold for levee taxes under the act mentioned in the first headnote can redeem the same only upon the payment of the purchase money with all subsequent taxes due thereon, and 50 per cent. per annum interest on the whole amount.

5. An incumbrancer who holds a lien upon the undivided two-thirds of lands sold for taxes cannot redeem by the payment of two-thirds of the sum necessary to redeem the whole estate.

6. The purchaser of the land at a levee tax sale is entitled, on the redemption of the land by the owner, to all subsequent taxes paid by him,

---

[1] [Reported by Hon. William B. Woods, Circuit Justice, and here reprinted by permission.]

and 50 per cent. per annum interest thereon, although he has paid said taxes in scrip which he acquired at a discount.

[This was a bill in equity by H. E. O'Reilly against John S. Holt and C. S. Jeffards.] The bill was filed by the complainant as assignee in bankruptcy of one Edington, to carry into effect certain decrees rendered by the chancery court of Adams county in favor of Edington for the enforcement of certain liens on lands situate in Issaquena county. Among others, C. S. Jeffards was made defendant, and it was alleged that he claimed to have some interest or lien upon the land against which the decrees of the state court were passed. Jeffards answered setting up that he and one Sloan had, on April 14, 1873, purchased the lands at a sale made for taxes due to the levee board under the act of November 27, 1865; that afterwards Sloan had conveyed all his interest in said lands to him, the said Jeffards, and averring that he had since paid all taxes on said land, amounting to the sum of $2,154.88, and claiming that he had a lien on the lands for the same, and was entitled to have the purchase money and all the taxes refunded, with legal damages and interest, and submitted himself to the protection of the court, and asked that his rights might be respected. The property on which the decrees rested was sold, and the money brought into court, and the only controversy in the case was as to the amount which Jeffards was entitled to receive out of the proceeds of the sale by reason of the facts stated in his answer.

The act under which the lands in question were sold for taxes is the act approved November, 27, 1865, entitled "An act to incorporate the board of levee commissioners for Bolivar, Washington and Issaquena counties, and for other purposes." The fourth section of the act declared that, for the purpose of building and repairing the levees in the counties mentioned in the title of the act, etc., there should be and was thereby levied a uniform tax of 10 cents per annum on each and every acre of land in said counties, except lands held by the state in trust or otherwise, etc., and that the tax should be continued for 12 years, and should be payable annually on or before the 1st day of March in each and every year. The fourteenth section of the act provided that said tax should be a lien until paid on the lands situate in said counties, and should the owner or other person interested in said lands fail to pay the tax at the time it fell due, it should be the duty of the sheriff of the county in which the lands were situate, without further notice, on the second Monday of April, to sell at the door of the court house the lands in default or so much of them as might be necessary to pay the tax required; and when sold, to execute a deed therefor to the purchaser, which deed should vest in the purchaser a full and complete title in fee simple to the lands sold, and should be taken and received in any court of justice as vesting a perfect title in the purchaser, and should be evidence that the title of the owner as well as the claims of all persons interested therein were thenceforward vested in the purchaser, etc. The fifteenth section of the act provided that lands sold by the sheriff as provided in section 14 might be redeemed at any time within two years after the day of sale by the owner, "upon the payment of the purchase money with all subsequent taxes, whether state, county or levee taxes, and 50 per cent. on the whole amount due thereon, and 50 per cent. per annum interest upon the whole amount." The complainant claimed that if Jeffards was entitled to any sum more than the actual taxes paid by him and ordinary interest, he was only entitled to 50 per cent. interest on the levee tax and not on the other taxes. The complainant moreover insisted that so much of the act of November 27, 1875, as directed the sale of lands for taxes without notice, was unconstitutional, and therefore that Jeffards derived no title by the tax sale, and was entitled to no penalty.

W. L. Nugent, for complainant.
E. Jeffards, for defendant.

WOODS, Circuit Judge. In support of the last proposition of complainant, we are referred to the case of Griffin v. Mixon, 38 Miss. 424. The law which in that case was decided to be unconstitutional provided that the lands should not be exposed to sale for taxes due thereon, but that the taxes should be collected by distress and sale of personal property, and that on the first Monday of April in every year the county tax collector should return to the county board of police a list of lands delinquent for nonpayment of taxes; that the list should be examined by the board of police, and a certified copy should be posted on the door of the court house within 10 days after such examination, and that said list, duly certified, should be filed and recorded in the auditor's office, and should vest a title to lands therein returned in the state of Mississippi. This act was declared by a divided court to be unconstitutional, on the ground that it was in violation of the thirteenth section of the bill of rights of the constitution of Mississippi, which prohibited the taking of private property for public use without just compensation being made therefor, and of the tenth section, which declared that a citizen should not be deprived of his life, liberty or property but by due course of law. Although this case has not been directly overruled, yet the present supreme court of this state, in the recent case of Martin v. Dix [52 Miss. 53], not yet reported, have said that they think the views announced in the dissenting of Mr. Justice Handy better supported both upon reason and authority. But the law under which Jeffards purchased differs ma-

terially from the act declared unconstitutional in the case of Griffin v. Mixon. By the former act an accurate and unchangeable assessment was made upon the lands subject to the tax by the legislature itself. The act gave notice to all of the time within which the tax must be paid, and it gave notice to all who failed to pay, that on a day named their lands would be put up for sale. There was no transfer of the title without a sale, of which public notice was given. The act is indeed summary, as all laws for the collection of taxes, to be effectual, must be. But it seems to me that the reasoning of Mr. Justice Handy in the case of Griffin v. Mixon, in support of a more summary law than the one in question, is unanswerable. As this law is not the same as that pronounced unconstitutional in that case by the majority of the court, and as there appears to be a change in the opinion of the supreme court of the state upon the question decided in that case, I feel at liberty to follow my opinion, and to hold that the act of 1865 is not obnoxious to the constitution of the state. But in the case of Daily v. Swope, 47 Miss. 367, the constitutionality of the levee law of 1871 was affirmed by the supreme court. In that case it was agreed between counsel, among other things, that any constitutional question arising upon said levee law, as to want of notice to taxpayers, and want of demand for the tax, and want of provision for adjudication of delinquency under the law, might be heard and determined by the court. The law, in its provisions for amount of tax, and sale, in case of delinquency, was identical with the law in question in this case. And it was objected to the law by Mr. Chalmers, of counsel for defendant in error, on the authority of Griffin v. Mixon, that it was unconstitutional, because there were no steps prescribed, prior to sale, of notice, assessment, correction of assessment, etc. But the court, in an elaborate opinion, held the law to be constitutional, and overruled all objections to it. This case is precisely in point, and as it is the latest adjudication of the highest court of the state upon the construction of the constitution of the state, and as it accords with my own views, I shall follow it and hold the act under which Jeffards purchased to be a valid and constitutional enactment.

It is next claimed that the title of Jeffards is void because Sloan, one of the purchasers at the tax sale, was deputy to the sheriff who made the sale, and Jeffards was clerk of the chancery court, with whom the tax deed, to have any effect, was required to be filed on the day of sale. To support this objection to the sale we are referred to Clute v. Barron, 2 Mich. 192; Morton v. Waring's Heirs, 18 B. Mon. 84, and Everett v. Beebe, 37 Iowa, 452. These cases do not sustain the proposition in support of which they are cited. They only declare that a public of-

ficer cannot buy at his own sale. In the case cited from B. Monroe it was held that a purchase made by the deputy register of the land office, of lands sold by his principal, was not absolutely void. The objection to the capacity of Jeffards to buy does not seem to be any better founded. If it were held good, then no recorder of mortgages could ever be the mortgagee in a mortgage deed which was required to be recorded in his own office.

All that is required to make valid a sale to officers having such remote connection with the conduct of the sales as the deputy sheriff and clerk of the chancery court, is that their conduct in reference thereto should be fair and above suspicion. In this case there is not the slightest suggestion that the deputy sheriff had anything whatever to do in conducting the sale, or that his purchase was not a perfectly fair one; nor is there a hint that there was any improper or unfair conduct on the part of Jeffards in filing in his office the deed in question. We think that the claim that the purchase was absolutely void on account of the official status of the purchasers cannot be maintained. I am of opinion, therefore, that the title of Jeffards under the tax sale was good, subject to the complainant's right of redemption.

As the bill in this case was filed within two years of the sale, the complainants are entitled to redeem on the terms prescribed by law. The question is therefore presented, what must the complainants pay Jeffards to entitle them to redeem? The law appears to me to be explicit on this point. The owner shall be entitled to the redemption of said land at any time within two years after the day of sale upon the payment of the purchase money, with all subsequent taxes due thereon, and 50 per cent. per annum interest upon the whole amount. The contention of the complainant is that the 50 per cent. interest is only to be computed on subsequent levee taxes. But the law does not say so and there does not appear to be any warrant for engrafting upon the language of the law the qualification insisted on. By the purchase at the tax sale the purchaser becomes the owner of the land and liable for the payment of all taxes assessed thereon. To enforce prompt payment of the levee taxes, the law says that the land may be redeemed on payment of all subsequent taxes and 50 per cent. interest thereon. This means all and not a part.

The complainant insists that as his lien covers only an undivided two-thirds of the land, he should only be compelled to pay two-thirds of the sum necessary to redeem. But the amount to be paid to redeem does not depend on the interest in the premises of the person proposing to redeem. He may be a mortgagee for an amount very much less than the value of the premises, yet he cannot claim, for that reason, that he should

only pay a proportionate part of the redemption money. The purchaser stands on his title. He is not bound to yield it up unless his claim under the lien is satisfied. He has bought the whole estate in the land, and one tenant in common cannot insist that the estate shall be divided up and he allowed to redeem for his individual share.

I do not think any cross bill is necessary to be filed by Jeffards. Having submitted to the redemption of the land, he is like any other incumbrancer. The court, on a bill to enforce complainant's lien, will direct the order in which the incumbrances shall be paid and ascertain their amount. Nor do I think that the fact that Jeffards paid subsequent taxes in scrip which he purchased at a discount is any concern of the complainant. Jeffards had a right to make payment of the taxes in any lawful way. Redemption can be insisted on by the owner of the land on the payment of the subsequent taxes and 50 per cent. interest thereon, and not on the repayment of what it has cost the purchaser to pay the taxes.

The conclusion I have reached is that the defendant Jeffards is entitled to priority of payment out of the fund, the proceeds of the sale, for the amount of his purchase money and all subsequent taxes of all descriptions, with an annual interest thereon of 50 per cent., calculated up to the time of filing his answer, and 6 per cent. on that amount until the date of the final decree.