Springer v. Bartle.

SPRINGER ET AL. V. BARTLE.

1. **Deed**: QUIT-CLAIM: RIGHTS OF HOLDER OF. The holder under a quit-claim deed is not entitled to protection, as a *bona fide* purchaser, without notice, against outstanding equities.

2. **Tax Sale**: WHEN HELD INVALID: RECOVERY BY PURCHASER. Where a tax title is held invalid because of fraud in the sale, if the levy and assessment upon which the sale was made were legal the purchaser is entitled to recover the amount the owner would be required to pay the treasurer if the land had not been sold.

3. ———: ———: COSTS. In an action to set aside a tax deed, where the plaintiff offers to pay the amount found to be due from him, if successful he is entitled to costs.

*Appeal from Webster Circuit Court.*

WEDNESDAY, OCTOBER 17.

ACTION IN EQUITY. The petition alleges that Chas. Springer died owning the real estate in controversy, leaving the plaintiffs his heirs at law, and as such they claim to be the owners of said real estate. It is alleged that the defendant claims title thereto under a tax sale and conveyance in pursuance thereof, which it is alleged is fraudulent and void; that there was an unlawful and fraudulent combination and conspiracy among the bidders at said tax sale, which was participated in by the party under whom the defendant claims. The plaintiffs offered to pay all legal taxes upon said property as soon as the same should be determined by the court.

The defendant claimed in his answer that he purchased said premises of one Ide, and paid him the full value thereof, without any notice of the fraudulent combination and other matter mentioned in the petition, and that said Ide had conveyed the same to him by good and sufficient conveyance.

The Circuit Court set aside the tax sale and deeds under which defendant claimed title, and adjudged plaintiffs to be the owners of the premises in controversy, and rendered a judgment against plaintiffs for the amount of taxes paid by defendant, with six per cent interest from the time paid, and

that defendant should pay the costs of the action. The defendant appeals.

*Hudson & Wright*, for appellants.

*John Doud, Jr.*, for appellees.

SEEVERS, J.—I. One Ide purchased the land in controversy, and quit-claimed his interest therein to the defendant. Counsel for the appellant, in their argument, say: "There was, no doubt, a very corrupt combination at this sale, but whether Ide was a party to it, in the purchase of this land, admits of the gravest doubt." We fully agree with counsel there was such a combination, but think there is no doubt that Ide knew of it, and participated therein in the purchase of this land. There was a ring formed, and each took his turn in bidding, and Thos. Sargent testifies that the "land in controversy was sold or allotted to Ide in his turn." Sargent further testifies that the manner of conducting the sale was as follows: "As each piece was called off by the treasurer, the name of the person whose turn came was called, and the tract allotted to him, or entered in his name." Ide testifies that he did not make any agreement not to bid against any other person; that he was a stranger, and had no knowledge of such an agreement. He admits the persons at the sale talked of taking turns when the lands were offered, and that he did not bid against anyone, nor did anyone bid against him. On cross-examination he was asked: "Was there any agreement at that sale at any time, either tacit or expressed, by which parties present at the sale would take their turns in the purchase of the lands sold thereat?" To this he replied: "There was. They talked about taking their turns." The unlawful combination being conceded by counsel, we are satisfied that Ide knew of it, participated therein, and that this particular land was allotted to him in accordance with the understanding and agreement of the parties at the sale.

Such a sale, and any deed made in pursuance thereof, is voidable upon the application of the party owning the patent title. *Kerwer v. Allen*, 31 Iowa, 578; *Watson v. Phelps*, 40

Iowa, 482; *Light v. West*, 42 Iowa, 138; *Easton v. Mawkinney*, 37 Iowa, 601.

II.   Ide quit-claimed to the defendant all his right, title and interest in and to the land in controversy.   It was held in *Wat-*

1. DEED: quit-claim: rights of holders of.   *son v. Phelps*, heretofore cited, that "one holding under such a deed is not to be regarded as a *bona fide* purchaser without notice of equities held by others."   In an argument evidencing much ability, we are asked to overrule this decision, and counsel in their zeal claim that this court has held otherwise in *Pettingill v. Devin*, 35 Iowa, 353.   This is a grave mistake; no such point was presented in that case.   The point decided was that under the recording act a person holding under a quit-claim deed acquired a prior right to one claiming under a bond for a deed of which he did not have notice.   In that case the party executing the quit-claim deed owned the legal title, but in the case at bar Ide's title was tainted with fraud, against which the quit-claim deed did not protect the plaintiff.   Besides which the statute expressly provides that such a purchaser as Devin is protected against a prior unrecorded conveyance.   Code, Sec. 1941.

The doctrine announced in *Watson v. Phelps* was approved in *Smith v. Dunton*, 42 Iowa, 48; *Light v. West*, 42 Iowa, 138, and *Besore v. Dosh*, 43 Iowa, 211.   These decisions meet our approbation and we are unwilling to take, at this late day, the time and space requisite to vindicate their correctness.

III.   In *Early v. Whittingham*, 43 Iowa, 162, and *Miller v. Corbin*, p. 150, *ante*, it was held that where there had been no

2. TAX SALE: when held invalid: recovery by purchaser.   levy, assessment or sale, the purchaser was only entitled to six per cent interest on the money paid.   In the present case there was a valid levy and assessment.   There has also been a sale which is invalid.   In this respect this case is identical with *Everett v. Beebe*, 37 Iowa, 452; *Light v. West* and *Besore v. Dosh*, heretofore cited.   Following those cases, the plaintiffs should pay the amount they "would have to pay the treasurer in order to satisfy all taxes, if they had not been paid by the purchaser."   In this respect, therefore, the decree must be modified.

IV.   *Corbin v. Beebee*, 36 Iowa, 337, was an action at law in

which the plaintiff sought to recover posession of certain lands, under a claim of title. The defendant claimed title, and a right to possession, under a tax deed, and it was held that if the tax title was obtained by fraud the plaintiff could, under the statute, show its invalidity without "showing payment of the taxes by him, or a tender of the amount to which the defendant is entitled under his purchase at the tax sale." The only difference between that case and the one at bar is, that the latter is in equity and the former at law. The opinion in the former case recognizes that the holder of the tax title is " entitled under his purchase " to the amount of taxes paid. The statute recognizes no distinction in the form of the action, but provides " that in all cases where the owner of the lands sold for taxes shall resist the validity of such tax sale, such owner may prove fraud,      *      *      *      and the title shall be void." It would seem, therefore, that the form of the action could not make any difference. It was held in *Shoemaker v. Porter*, 41 Iowa, 197, which was an action to redeem from a tax sale under an agreement between the parties, that, as no money had been tendered, and only a readiness to pay expressed, the party seeking to redeem must pay costs. In that case the validity of the tax title was in no manner assailed. No fraud had been perpetrated by the purchaser, but the right to redeem existed under and by virtue of a contract. It was, therefore, held that a tender of the amount due under the contract was essential before the party could escape costs. Besides this, as to a portion of the land, the right to redeem was denied.

In the present case, the plaintiff expressed a willingness, and offered to pay all that was justly due or should be adjudged against him. Under the statute he could have succeeded in the object of the action; that is, had the title declared void on the ground of fraud, without making such offer, but having made it he should not now be permitted to withdraw it. *Early v. Whittingham*, before cited. ·

The plaintiffs succeeded in the object of the action. The amount to be paid by them, if anything, was not put in issue; there was no contest in reference thereto. The petition was

sufficient to entitle the plaintiff to the relief demanded. If not so deemed by the defendant, it should have been assailed by demurrer, or raised by the answer. Having failed to take advantage of the alleged defect in either of said modes, he is deemed to have waived it. Code, Sec. 2650. If the petition was sufficient to entitle the plaintiffs to the relief demanded therein, and the judgment granted them such relief, they were entitled to their costs, which the Circuit Court properly gave them.

The cause will be remanded to the court below, with instructions to render a decree in accordance with this opinion.

REVERSED.