Postel v. Palmer.

## POSTEL v. PALMER.

71 157
79 344
71 157
113 11
71 157
d122 167

1. **Evidence:** SECONDARY: CONTENTS OF DEED: FOUNDATION. Where the grantee in a deed and the custodian thereof testified positively that it had been lost, *held* that this was sufficient foundation for the introduction of parol testimony as to its contents, without showing that search had been made for it. (*Horseman v. Todhunter*, 12 Iowa, 230, and *Howe Machine Co. v. Stiles*, 53 Id., 424, distinguished.)

2. **Real Estate:** QUITCLAIM DEED: OUTSTANDING EQUITIES. The grantee in a mere quitclaim deed can acquire no rights thereby against outstanding equities which are valid against the grantor. (*Watson v. Phelps*, 40 Iowa, 482, and other cited cases, followed.)

*Appeal from Buchanan Circuit Court.*

WEDNESDAY, MARCH 9.

PLAINTIFF brought an action for the possession of a tract of land. Defendant denied that plaintiff was the owner or entitled to the possession of the property, and in a cross-petition he set up title thereto in himself, and asked to have the title quieted in him. The circuit court entered judg-

ment dismissing plaintiff's petition, and quieting the title to the land in defendant.    Plaintiff appeals.

*Woodward & Cook*, for appellant.

*Lake & Harmon*, for appellee.

REED, J.—Both parties claim title under one Edward R. Norton, who became the owner of the premises on the seventeenth of October, 1873.    He conveyed to plaintiff, by quitclaim, on the thirty-first of March, 1884.    On the twentieth of February, 1884, one Isaac Brown executed a conveyance of the premises to defendant.    The claim alleged by defendant is that Norton sold and conveyed the land to Brown in November, 1873.    But no conveyance between these parties was of record when plaintiff bought of Norton.    It is claimed, however, that a conveyance was in fact executed and delivered, but that the same has been lost or destroyed.    Both Norton and Brown were examined as witnesses on the trial. The former testified that he sold the timber growing on the premises to Brown, but that no other interest in the premises was included in the sale, and he denied that he ever executed any conveyance of the property to him.    Brown testified that his purchase was of the land, and that a conveyance thereof (a quitclaim) was executed by Norton, and delivered to him, but the same had been lost, and could not be produced as evidence.    Plaintiff objected to the parol evidence as to the execution and contents of this deed, (assuming that one had in fact been executed,) on the ground that the absence of the instrument was not sufficiently accounted for, and it was not shown that search had been made for it.    The rule is elementary that secondary evidence is not admissible until it is shown that it is out of the party's power to produce the primary.    We think, however, that this was done in the present case.

The witness testified positively that the deed had been

*1. EVIDENCE : secondary : contents of deed: foundation.*

lost, and that he could not produce it. He was not examined as to the manner of the loss, but his answers implied that the fact that the instrument had been lost was within his knowledge. As he was the custodian of the instrument, this was all defendant was required to establish to entitle him to introduce the secondary evidence. There would be no reason for requiring him to show that a search had been made, for it already appeared that a search would be unavailing. The case is very different in its facts from *Horseman v. Todhunter*, 12 Iowa, 230, *Howe Machine Co. v. Stiles*, 53 Id., 424, and other cases cited and relied on by plaintiff in support of the objection.

Coming to the question whether a sale and conveyance of the property was made by Norton to Brown, we have to say 2. REAL estate: that we think the claim made by defendant with quitclaim deed: out- reference to the transaction is clearly established standing equities. by the proof. It is shown that Norton frequently stated that he had sold the land to Brown. These statements were made soon after the sale is alleged to have been made. They were also made to parties who applied to him to purchase the land. He exercised no acts of ownership or dominion over the property after that time. He removed from the state nearly ten years before he gave the conveyance to plaintiff, and during all that time he neither paid the taxes on the land nor made any claim that he was the owner of it. His conduct during all the time was inconsistent with the claim that he continued to be the owner of the property. Having found that Nelson sold and conveyed· the property to Brown, it follows that plaintiff acquired no interest or right by the conveyance from Norton to him. That conveyance, as we have stated, was a mere quitclaim, and by it plaintiff could acquire no right against outstanding equities which were valid as against Norton. *Watson v. Phelps*, 40 Iowa, 482; *Smith v. Dunton*, 42 Id., 48; *Besore v. Dosh*, 43 Id., 211.

                                        AFFIRMED.