SERRIN *et al.* v. BRUSH *et al.*

1. **Tax Sale and Deed**: REDEMPTION IN EQUITY: CLAIM FOR IMPROVEMENTS: PRACTICE. Under Code, section 893, in actions for the redemption of land sold for taxes, begun after the delivery of the treasurer's deed, the court must determine claims for improvements made on the land by the person claiming under the tax deed. (*Fogg v. Holcomb*, 64 Iowa, 627, *distinguished.*)

2. ———: ———: ———: COSTS. In such case, where the land belonged to a minor at the time of sale, and the action was brought by those who inherited it from him, and all the costs made on the part of plaintiffs were incurred in the establishment of their right to redeem, and all those on the part of defendants were incurred in establishing their claim for improvements, as to which claim they succeeded, *held* that the court did not err in taxing all the costs to plaintiffs. (*Springer v. Bartle*, 46 Iowa, 688, and *Broquet v. Sterling*, 56 Iowa, 358, *distinguished.*)

*Appeal from Hancock District Court.*—HON. GEORGE W. RUDDICK, Judge.

FILED, MAY 18, 1888.

ACTION in equity to redeem lands from a tax sale after the execution of a tax deed. The judgment determines that plaintiff is entitled to redeem the undivided one-third of the land, and she is required, in making the redemption, to pay a specified amount on account of certain improvements made upon the land by defendants. It also taxes one-half the costs to her, and the balance to the other plaintiff. Plaintiff appeals.

*George E. Clarke*, for appellant.

*Bush & Wichman*, for appellees.

REED, J.—Plaintiff's complaint is of the provisions of the judgment which required her to pay for improvements on the land, and a portion of the costs of the action.

I. It was contended that the court could not in this action try the question as to the improvements, but that the question could only be litigated in a separate action or proceeding after the title and ownership of the property was determined; but it is provided by Code, section 893, that, in actions for the redemption of land after the delivery of the treasurer's deed, "the courts shall determine the rights, claims and interest of the several parties, including liens for taxes, and claims for improvements made on the land, by the person claiming under the tax deed." The action is brought under that section. *Fogg v. Holcomb*, 64 Iowa, 627, cited by counsel, was not an action of this character, and was not governed by that provision. It appears to us also that the amount allowed by the court for the improvements is not excessive, and that, after deducting the fair rental value of the premises from the cost of the improvements, the amount awarded by the judgment is just.

1. TAX SALE and deed: redemption in equity: claim for improvements: practice.

II. We are also of the opinion that the order taxing the costs to plaintiff is right. When the land was sold for delinquent taxes, it belonged to a minor relative of plaintiff, who has since died, and from whom she inherited the interest which she sought to redeem. Under the provisions of the statute (Code, secs. 892, 893) the redemption could be effected only by an action in equity. In such cases, the costs necessarily incurred in establishing the right to redeem constitute part of the expenses of the redemption, and ought to be paid by the party who exercises

2. ———: ———: ———: costs.

the right. The costs incurred by plaintiff were all necessarily incurred in establishing that she was entitled to redeem. The only costs made by defendant were incurred in the establishment of his claim for improvements; and as to them, as he succeeded in his claim, he was entitled to recover. The case is distinguishable from *Springer v. Bartle*, 46 Iowa, 688, and *Broquet v. Sterling*, 56 Iowa, 358, cited by counsel. Those were actions to set aside tax deeds because of irregularity and fraud in the sale; while in this case the sale was regular and valid, but, because of the minority of the owner of the property, the right of redemption was not extinguished by the deed.

AFFIRMED.