MRS. PHŒBE LILLIBRIDGE V. GEORGE W. ALLEN AND JENNIE L. ALLEN, Appellants.

**Fraud:** CANCELLATION OF DEED. Evidence that plaintiff, who was over seventy years old, hired a real estate broker to dispose of her land, and that he exchanged the same with defendant for a note secured by mortgage on twenty-four lots, and, without plaintiff's knowledge, secured an additional commission from defendant, and that her land was worth two thousand seven hundred dollars, while the mortgaged lots were worth about one dollar each, but that the broker and defendant fraudulently represented to the plaintiff that they were worth two hundred dollars each, and that the trade was made on the faith of such representations, will sustain a judgment setting aside the deed for fraud.

GOOD FAITH PURCHASER. One who purchases from her brother, land which he had procured by fraud is not a *bona fide* purchaser, if the only consideration was an antecedent debt due her for services.

**Appeal:** NOTICE ON CO-DEFENDANT. A motion to dismiss made by appellee because appellant's co-defendant was not served with notice of appeal, will not be passed upon when it is clear that there should be an affirmance upon the merits.

*Appeal from Hamilton District Court.*—HON. S. M. WEAVER, Judge.

THURSDAY, JANUARY 21, 1897.

ACTION in equity to set aside deeds on the ground of fraud and a want of consideration; also, an action to recover certain notes, or their proceeds. Trial to court, and decree for plaintiff against both defendants. Defendant Jennie L. Allen appeals.—*Affirmed.*

*Hyatt & Hyatt* for appellant.

*Wesley Martin* for appellee.

KINNE, C. J.—I.  Though the evidence is conflicting as to some of the facts, we conclude that the court below was justified in finding them to be substantially as follows:  In May, 1893, plaintiff resided in Chicago, Ill., and was seventy-four years of age. She owned one hundred acres of land, situated in Hamilton county, Iowa, and worth about two thousand seven hundred dollars.  It was rented, and she held two rent notes, not then due, of one hundred and fifteen dollars each.  She engaged one Morgan, a broker in Chicago, to sell the land.  The defendant, George W. Allen, at the same time owned a note secured by mortgage on twenty-four lots in Pierre, S. D.  The note was for two thousand four hundred dollars, and drew interest.  It purported to be given to one Prentice by one Billings.  By various assignments it had been transferred to the defendant, George W. Allen, who resided at Polo, Ill., and was engaged in the clothing and merchant-tailoring business.  He had known Morgan for several years, and the latter had acted for him in at least one transaction.  In April, 1893, the defendant George W. Allen wrote Morgan, advising him that he (Allen) had such a mortgage, and wanting him to trade it for land, and promising him a commission in case a deal was made.  Morgan advised him as to plaintiff's land, and offering to trade it for the note and mortgage and four hundred dollars cash.  Allen replied, offering to trade and pay three hundred dollars cash.  At Morgan's suggestion, Allen went to Chicago and met plaintiff and Morgan. While Morgan and Allen deny making any representations to plaintiff as to the value of the Dakota lots, still we think the court was justified in finding, from her testimony and other facts, that both Allen and Morgan represented to plaintiff that the lots were worth two hundred dollars each.  Plaintiff made

the trade of the land for the lots and three hundred dollars cash, relying upon the representations as to the value of the lots which she had not seen. After Allen obtained the deed to the land, he sold the same to the defendant, Jennie L. Allen, his sister, for a consideration, as stated in the deed, of ten dollars. It is claimed that the actual consideration was the sum of two thousand five hundred dollars, due to said Jennie from her brother for wages before that time earned. When the note and mortgage was turned over to plaintiff, an interest coupon for one hundred and sixty-eight dollars was past due, and Allen reported to plaintiff that it had been paid. The rent notes not due were turned over to Allen. This action was begun to set aside the conveyance to Allen, and from Allen to his sister, the defendant, for fraud, and because of failure of consideration. Thereafter another suit was begun by her to recover the rent notes, or their proceeds. Both actions were tried together, and a judgment and decree entered in favor of plaintiff, setting aside the deeds, and ordering that plaintiff pay George W. Allen, seventy dollars, being the difference between the three hundred dollars paid by him and the face of the rent notes turned over to him, and said sum was paid. The notes and mortgage were ordered delivered to Allen, and the assignment of them canceled, and defendants adjudged to pay the costs.

II. A motion was made by appellee to dismiss this appeal, because no notice of appeal has been served upon the co-defendant, George W. Allen, who does not appeal. Being fully satisfied that, upon its merits, the case may be affirmed, we discover no necessity for the service of notice of appeal upon him. We are satisfied, from the evidence in this case, that Morgan was acting as agent for both parties in this trade. It is a fact that he took pay from both the

plaintiff and the defendant, George W. Allen, for his services. It is not claimed that plaintiff had any knowledge that Morgan was acting as the paid agent of Allen in making the trade. She supposed he was her agent, and looking after her interest. There is reason to believe that Allen and Morgan acted together in consummating a gross fraud upon this plaintiff. The evidence is undisputed that the lots were more· than two miles from the business portion of the city of Pierre, and were, at the time of the trade between plaintiff and Allen, worth not over one dollar each. We do not, in such cases, enter into a detailed discussion of the evidence. Enough has been shown to establish a case of fraud, which fully justified the decree of the district court. We do not think the grantee and defendant, Jennie L. Allen, took her deed in ignorance of all of the facts. Her relationship with the defendant, the fact that no account was kept of the wages for which it is claimed this deed was executed, though the grantee was in the employ of the grantor, and other facts, convince us that she was cognizant of all the facts relating to the value of the lots, and a willing party aiding in the perpetration of the fraud. If, however, we should be mistaken as to that, still, under the law, she is not a *bona fide* purchaser. Whatever her rights may be as against her immediate grantor, it is clear that she did not acquire an interest in this land superior to plaintiff's claim thereon. She parted with no security, she surrendered no evidence of the debt, and parted with nothing of value. The entire consideration, if any, was the payment of this antecedent debt, due for wages for services rendered her brother. A holder of a conveyance under such circumstances, takes the interest conveyed subject to prior equities attaching to the land. 2 Devlin, Deeds, pt. 815, note 1; *Sillyman v. King*, 36

Iowa, 207; *Throckmorton v. Rider*, 42 Iowa, 85; *Light v. West*, 42 Iowa, 141; *Anderson v. Buck*, 66 Iowa, 496 (24 N. W. Rep. 10); Bump, Fraud. Conv., p. 493. The decree of the district court is AFFIRMED.