### Jones v. Bamford.

1. **Notice:** TO AN ATTORNEY. The knowledge or notice of facts acquired by an attorney or agent when engaged properly in the business of his client or agent, becomes in law the knowledge or notice of such fact to the client or principal.
2. —— INQUIRY. Facts sufficient to put an ordinarily prudent man upon inquiry, as possession by another holding a deed describing a portion of the land, charges the party receiving the same.

*Appeal from Muscatine District Court.*

THURSDAY, OCTOBER 4.

ACTION to correct and foreclose a mortgage. Judgment for plaintiff, and the defendant, Bamford, appeals. The further facts are stated in the opinion.

*D. C. Cloud* for the appellant.

*Richman & Carskaddon* for the appellee.

COLE, J.—This action was originally brought by the plaintiff, against Henry Reece and wife, for the foreclosure of a mortgage made by them to the plaintiff. Before the cause was brought to a hearing, it was discovered by the plaintiff's attorneys, that there was a mistake in the description of the mortgaged property, and that a portion of it was claimed by the present appellant, Bamford, under a purchase by him of Reece, subsequent to the mortgage. The plaintiff thereupon obtained leave, and amended his petition, setting up the fact of mistake in the description of the property intended to be mortgaged, and that the defendant, Bamford, was a purchaser of a part thereof since the commencement of this suit, and with actual notice of plaintiff's mortgage. Issues were joined and the cause referred to a referee, who took proof and reported the facts found by him, and his conclusions thereon. He found the amount due on the mortgage, as claimed by plaintiff, and that Bamford purchased the part claimed by him, with notice of plaintiff's mortgage.

Upon exceptions to this report by Bamford, so much thereof as related to his claim, and the fact that he purchased with notice of plaintiff's mortgage, was set aside. The court then rendered judgment for the plaintiff upon the report of the referee, against the mortgagor for the amount claimed, and for a foreclosure of the mortgage as corrected, except as to that part claimed by Bamford, and as to his claim the cause was again referred, with instructions to take further proofs and report.

The proof was taken, but the referee failing to report, the cause was tried by the court, and judgment rendered for the foreclosure of the mortgage as to that part claimed

by Bamford also, and from which he appeals.    There is but the single question, and that is one of fact, for us to determine, to wit: did Bamford have notice of the plaintiff's mortgage as covering the land in controversy, before his purchase? If he did, the judgment of the District Court is correct; otherwise it must be reversed.

The description of the property, as contained in the mortgage, was the same, with the exception of a single

1. NOTICE: to an attorney. word, "West," instead of "North," as in the deed conveying the property to Reece, the mortgagor of plaintiff and vendor of Bamford.  The description in both the mortgage and deed was defective in omitting the course and distance of the first line from the beginning stake or corner.   Before Bamford concluded his purchase, he employed an attorney to examine the records and make an abstract of the chain of title for him.   In making this examination the attorney discovered, and advised both Bamford and Reece of the mistake in the description of the property, as contained in the deed conveying the property to Reece; and thereupon they procured Reece's grantor to correct the mistake.   The attorney testifies that he saw upon the record the mortgage by Reece to the plaintiff, but that he did not mention it in his abstract, for he ascertained by reading the description in it that it did not include the Bamford purchase.

The knowledge or notice of facts acquired by an attorney or agent when engaged properly in the business of his client or principal, becomes, in law, the knowledge or notice of such fact to the client or principal.   Bamford, therefore, stands charged with notice of the fact that Reece had mortgaged the identical property, under the same description (except as to one word), to the plaintiff which he acquired from his grantor and proposed to sell to Bamford.

The fact that Reece, with Bamford's knowledge, procured his grantor to change the description, or correct it by a new conveyance, could not remove the notice or knowledge already acquired of the identity of description (except the word aforesaid) by which Reece had acquired and mortgaged the property. This fact, if it is not of itself actual notice of the mortgage of the land correctly described, is certainly such knowledge as would put an ordinarily prudent man upon inquiry, and, under the law, charge him with notice of every fact which such inquiry would reasonably develop.

*2. — inquiry.*

It is further shown in the evidence in this case, that Reece was in the actual possession of this property mistakenly described, in the same inclosure and together with other property included in the mortgage to plaintiff; and that by running the course and distance from the beginning stake or corner, as specified in the description contained in the mortgage, the line would run across the public road into real estate recognizedly owned by and in possession of others.

There are other facts and circumstances proven in the case which tend likewise to show that Bamford had knowledge of plaintiff's mortgage, but which it is not necessary here to state at length. There is also the direct testimony of one witness as to Bamford's actual *notice* of plaintiff's mortgage; but the manner of the testimony, and the other facts stated by the witness, seem to deprive his testimony of any and all weight or influence whatever.

Of course there are in this, as in most cases closely litigated and of nearly equally balanced testimony, more or less minor facts and circumstances, having their just influence in determining the preponderance of the evidence, which it is unnecessary to set forth, and to do so would improperly extend an opinion. While the case is

not free from doubt, we are yet reasonably well satisfied that the judgment of the District Court was correct, and must be

Affirmed.