### SMITH v. DUNTON ET AL.

1. **Vendor and Vendee:** AGENCY: SUBSEQUENT PURCHASER. A subsequent purchaser of real estate, who effects the purchase through an agent, is charged with the knowledge possessed by the agent of the equities of a prior purchaser.

2. ———. A purchaser who takes by quit claim deed is affected by prior equities; he is not protected as a *bona fide* purchaser for value.

*Appeal from Butler District Court.*

MONDAY, DECEMBER 13.

THIS action is brought in equity to quiet the title to certain real estate in the plaintiff. Upon a trial the court rendered a decree as prayed for in the petition, from which defendants appeal.

*W. H. McClure*, for appellants.

*Jerome Carskaddan* and *Thomas Hanna*, for appellee.

The principal is charged with the knowledge of his agent who purchases for the principal *mala fide*. (*Jones v. Bamford*, 21 Iowa, 217.) The holder under a quit claim is not entitled to the protection of a *bona fide* purchaser, but is charged with notice of outstanding equities. (*Watson v. Phelps*, 40 Iowa, 482; *May v. LeClaire*, 11 Wall, 233; *Oliver v. Piatt*, 15 Curt., 495.) The grantee of a fraudulent purchaser must show that he bought in good faith, paying a valuable consideration. (*Falconbury v. McIlravy*, 36 Iowa, 488; *Sillyman v. King*, Id., 207.) An incomplete index has been held to impart notice. (*Jones v. Berkshire*, 15 Iowa, 527; *Hodgson v. Lovell*, 25 Id., 97; *Huston v. Seeley*, 27 Id., 183.) The purchaser of property in another's possession is affected with notice of the possessor's rights. And occupation of a part of the premises is notice of title to the whole, if inquiry as to the former leads to knowledge of the latter. (*Hubbard v. Long*, 20 Iowa, 149; *Van Orman v. Merrill*, 27 Id., 376; *Watrous v. Blair*, 32 Id., 58; *Rogers v. Hussey*, 36 Id., 664.) Payment of taxes is sufficient to establish the fact of possession of uninclosed land. (*Booth & Graham v. Small*, 25 Iowa, 177; *Clement v. Perry*, 34 Id., 564; Angel on Limitations, 401–2.) Facts sufficient to put a purchaser upon inquiry are notice to him of all the facts to which the inquiry should lead. (*Barney v. Little*, 15 Iowa, 336; *Rogers v. Hussey, supra; Williamson v. Brown*, 15 N. Y. 354.)

Miller, Ch. J.—This appeal was perfected May 13, 1874, and on the 9th day of September, 1874, appellants filed a transcript with the clerk, but have failed to file any abstract or argument, or serve the same on counsel for appellee. At the October term, 1875, at Dubuque, appellee appeared and filed an abstract and argument, and the cause was then submitted thereon.

The facts of the case, as shown by the abstract, are as follows: The land in controversy was purchased by Servetus Tufts from the United States, July 30, 1855. On the 18th day of May, 1858, Tufts sold and conveyed the land to John Lemp and Luke Sells, and the deed was recorded June 2, 1858. On the 11th day of August, 1868, Lemp and Sells sold and conveyed the land to the plaintiff, and the deed was duly recorded August 21, 1868. These facts constitute plaintiff's title, and the only alleged defect therein is in the recording of the deed from Servetus Tufts to Lemp and Sells. In the index it was placed in the *grantor* column under the letter "L," as "Lufts," instead of "Tufts." In recording, however, the name was correctly written, and the deed was correctly indexed in the *grantee* column under the letter "L," to Lemp and Sells.

From the time of the purchase in 1858, by Lemp and Sells, down to 1868, they regularly paid the taxes on the land. After the purchase by plaintiff he paid all taxes, except for the year 1871. In February, 1872, plaintiff applied at the county treasurer's office to pay said taxes, and was then informed that they had been paid by the defendants. This is the first knowledge plaintiff had that the defendants made any claim to the land.

On the 11th day of September, 1871, John A. Bowman procured a quit claim for the land in controversy to be made to William Dunton, by the heirs of Servetus Tufts, who had died intestate in 1860. At the time of this conveyance, Bowman had knowledge of the prior conveyances and of plaintiff's title to the land. On the 27th day of October, 1871, Dunton quit-claimed the land to the defendant Allen, and the defendant Weed purchased the land from Allen through Bowman, his agent, since the commencement of this suit, and subject thereto.

1. VENDOR and vendee: agency: subsequent purchaser.

None of these defendants can be regarded as *bona fide* purchasers for value. Dunton, through his agent Bowman, who made the purchase from Tufts' heirs, had full knowledge of the plaintiff's title; he took a quit claim deed to the land, and is not protected thereby as a *bona fide* purchaser. *Watson v.*

*Phelps*, 40 Iowa, 482. The defendant Allen also holds under a quit claim deed, and Weed purchased *pendente lite*.

Whether the mistake in the indexing of the deed of Tufts to Lemp and Sells was such a defect as that it failed to afford constructive notice of that conveyance, we do not determine.

The decree of the District Court will stand

AFFIRMED.