Crumb v. Davis.

2. ——: ——: dower.

54　25
91　407

## CRUMB v. DAVIS.

1. **Tax Sale**: ILLEGALITY: NOTICE. Evidence considered which was held to show knowledge upon the part of the purchaser of a tax title of the illegality of the sale upon which it was based.

2. ——: OFFER TO REFUND TAXES PAID. Where, in an action between the holder of the patent title to land and one claiming under a tax title, the former offered to reimburse the latter for the taxes paid on the land, it was held that he was not entitled to a decree quieting his title without the payment of such amount.

*Appeal from Howard District Court.*

MONDAY, JUNE 14.

THIS is an equitable action and involves the title to 80 acres of land. The plaintiff's claim of title is derived from

certain tax-sale deeds which were executed by the treasurer of Howard county to one Lawson, on the 17th day of October, 1874. The defendants claim under the patent title. There was a trial by the court upon written evidence and a decree was entered dismissing the petition. Plaintiff appeals.

*L. Bullis*, for appellant.

*W. K. Barker* and *H. T. Reed*, for appellee.

ROTHROCK, J.—The defendant is the owner of the patent title, which he acquired by a conveyance made by one Paine, on the 26th day of March, 1878. The tax sale under which plaintiff claims was held October 2, 1871. The tax sale certificates were assigned to one Lawson, to whom the deeds were made. Lawson conveyed to Wm. Goodrich and he conveyed to D. W. Goodrich, who, on the 21st day of March, 1878, conveyed to the plaintiff. It is conceded that the purchases at the tax sale were illegal, because the purchasers formed an unlawful combination not to bid against each other, and each took his turn at bidding, so as to prevent competition. The defendant claims that D. W. Goodrich, the plaintiff's grantor, was the real party in interest in making the purchases at the tax sale, and also that before he conveyed to the plaintiff he had full knowledge of the fraudulent character of said sales. It is not our purpose to discuss the evidence in detail. It is enough to say that in our judgment the fact that D. W. Goodrich was not a purchaser in good faith is fully established. That he knew the purchase was tainted with said fraudulent combination, and conveyed the land to the plaintiff for the very purpose of avoiding the consequences of the illegal sales, there is abundant evidence.

The defendant claims that the plaintiff took the land with notice of the fraudulent tax sales, and, therefore, is not enti-

*1. TAX SALE: illegality: notice.*

tled to protection. This is strenuously denied by the plaintiff, and here is the question of real difficulty in the case.

The defendant had negotiated with Payne for the purchase of the land through J. Barker, an agent, and about the 19th or 20th of March, 1878, Barker informed the defendant that he could have it for $900, and the defendant immediately took possession, and did some work on the land. D. Barker testifies that he saw D. W. Goodrich " either on the 19th or 20th of March, in regard to this land. I asked him what he would take for a quitclaim to Davis. I had spoken to him before in regard to the same thing. He said he didn't know as he cared to sell, and he asked what Davis would take for a quitclaim. I said I didn't think Davis wanted to sell; that I was sure he didn't; that he was buying it for a farm. He said he would fix it so Davis would be glad if he had quit-claimed it."

The sale and conveyance was made to the plaintiff soon afterward. It is claimed that Crumb, the plaintiff, paid Goodrich $100 in cash. He also gave his promissory note and a mortgage upon the land for $1,000. Goodrich immediately betook himself to the State of Minnesota and transferred the note and mortgage to one Parker. One C. H. Wood was made a party to a cross-bill filed by defendant, and averred " that he attended the tax sale in question as agent of Goodrich, and purchased a part of the premises at the sale," and knew at the time of the sale how the same was conducted. The plaintiff, Crumb, is Wood's relative, and at the time the conveyance was made to him he was' stopping with Wood, having shortly before that come from one of the eastern states. Goodrich went to Wood's house and wanted to sell the land, and we think the evidence shows that Wood acted as the agent of the plaintiff in making the purchase. It is true that the plaintiff denies that Wood was his agent, and Wood denies any agency. But Wood, after having admitted in his answer that he bought part of the land at the tax sale as agent of Goodrich, denied it in his testimony, and some

four witnesses testified that the plaintiff stated that Wood was his agent in making the purchase. And it appears that Wood afterward took his own lumber upon the land with which to build a stable, and did other acts which clearly show that he was acting generally for the plaintiff in the matter of securing the land. If Wood acted for the plaintiff in making the purchase, whatever notice he had was notice to the plaintiff, upon the familiar principle that notice to the agent is notice to the principal. *Smith v. Dunton*, 42 Iowa, 48.

We prefer to affirm this cause upon this ground, because we think the evidence affirmatively shows the conclusion to be correct. We might, however, affirm upon the broad ground that taking all the facts and circumstances together, we believe the plaintiff had notice, to say the least, that Goodrich was attempting to dispose of the land because he feared to hold the title in his own name. We might, also, hold that the cause should be affirmed because it does not appear that the note given by the plaintiff was negotiable, and that if his title fails he cannot be prejudiced. This question is made by counsel for appellee, but as appellant argues the case upon the theory that the note is negotiable, and as no copy of the same is set out in the abstract, we prefer to place our affirmance upon the ground above indicated.

II. The decree, in addition to dismissing the plaintiff's petition, granted the prayer of the defendant's answer and

2. ——: offer to refund taxes paid. cross-bill by quieting title in the defendant, and entered a judgment for the defendant for the costs. In the answer and cross-bill the defendant " offered to refund to the plaintiff, or to whomsoever the same might be found due upon an accounting, all taxes paid by plaintiff's grantors on said land and all accounts and interest to which they may be entitled by law," etc. No evidence was taken as to the amount of taxes, interest, etc., which had been paid by the plaintiff and his grantors. This offer to pay has never been withdrawn, so far as appears in the record, but on the contrary, counsel for appellee argues that such payment will

more than repay the plaintiff the one hundred dollars which he claims to have paid to Goodrich. That such repayment is equitable there can be no question. See *Everett v. Beebe*, 37 Iowa, 452. As we have no data upon which the amount required can be ascertained, the cause will be remanded to the court below for the purpose of settling and adjusting the question. As no evidence was introduced in the court below showing the amount of taxes paid, the appellant will pay the cost of this appeal.

MODIFIED AND AFFIRMED.