1. **Contract:** MISTAKE: EQUITABLE RELIEF. If a person contracts for a certain thing or parcel of property, and unknowingly accepts a different thing or property, it must be deemed a mistake, in respect to which equity will grant relief.

2. **Principal and Agent:** KNOWLEDGE OF MORTGAGE. A party who relied upon another to take a mortgage and see that the title to the property was good, in that respect, made him an agent, and knowledge by the agent of a preexisting mortgage would bind the principal.

*Appeal from Cass District Court.*

SATURDAY, APRIL 22.

ACTION to reform and foreclose a mortgage. The relief asked was granted, and the defendant, Yetzer, appeals.

*A. S. Churchill,* for appellant.

*Hopper & Willard,* for plaintiff.

*Temple & Phelps,* for R. W. Day.

*J. T. Hanna,* for Thos. Archer.

SEEVERS, CH. J.—The defendant, R. W. Day, made a written application to J. B. Watkins & Co., who were described therein as his agents, for the purpose of procuring a loan on certain real estate owned by Day. The real estate was described as being in the northwest quarter of section 28, town. 74, range 35. The extent of the improvements and value of the land was stated with particularity in the application, which was verified by Day. Attached to, and forming a part thereof, was the affidavit of Isaac Dickerson, in which he stated he was well acquainted with the premises and the same were worth $3,600, exclusive of perishable improvements. The plaintiff, through Watkins & Co., loaned Day,

$1,100 on five years time, and the same becomes due in 1883, to secure which Day executed a mortgage to the plaintiff, and the petition states it was the intention of Day to mortgage the land described in the application, but that through the error of the person who drafted the mortgage the real estate therein was described as being in the northeast quarter instead of the northwest quarter of section 28, town. 74, range 35, "as it should have been, and was intended, by all parties therein concerned." After the execution of the mortgage, which was duly recorded, Day conveyed the land owned by him in said northwest quarter to the defendant Archer, and warranted the title, except "as to a certain mortgage given by me in favor of J. B. Watkins & Co. for "$1,100 same due in 1883." It should be stated that in the application, Day stated he desired to obtain a loan for the amount and length of time above stated. Archer, in consideration of $500, conveyed by quit-claim to the defendant, Harriett Hudspeth, and she executed a mortgage thereon to Yetzer. It is alleged in the petition that each of said parties had notice of the plaintiff's mortgage. Day answered the petition and admitted all the allegations thereof to be true, except as to the knowledge of Yetzer, as to which he had neither knowledge or information. Archer and Yetzer denied all the allegations, and the defendant, Hudspeth, was defaulted. The court found the allegations of the petition to be true, and as none of the defendants have appealed, except Yetzer, the finding must be deemed correct as to all except him.

I. Counsel for the appellant insist the evidence fails to establish that Day intended to mortgage or that the plaintiff supposed or believed she was getting a mortgage on the land in the northwest quarter of section 28, town. 74, range 35. Day testified he intended to mortgage the land aforesaid and supposed he had done so. There is no evidence tending to show otherwise, but much to confirm the evidence of Day. So far, therefore, as he is concerned, the mistake is clearly established. But it is said, the

1. CONTRACT: mistake: equitable relief.

mistake must be mutual; this will be conceded. Watkins & Co. reside in Kansas; where the plaintiff resides we are not advised. The evidence fails to show that either of them had any knowledge of the land except what was disclosed by the application.

That neither of them knew of the mistake, and that Day had no title to the land described in the mortgage, must be conceded, for if they had, undoubtedly, they would not have accepted the mortgage.

The loan was made upon the belief Day owned the land described in the mortgage, and that it was the same as that described in the application. This must be so, for there is no other evidence tending to show any other tract of land was contemplated. If a person contracts for a certain thing or parcel of property, and unknowingly accepts a different thing or property, this must in the nature of things be deemed a mistake, as to which equity will grant relief. The mortgage the plaintiff expected and contracted for when she made the loan, based on the application she did not get. Now, in the absence of evidence to the contrary, what inference should be drawn? Either that she knowingly accepted something she did not contract for, as to the value or ownership of which, she had no knowledge, or that she accepted it by mistake. The latter, we think, because such an inference is in accord with a settled and universally acknowledged business principle. It is said the mistake in drawing the mortgage has not been established. We think it has, when both parties thereto supposed and intended a different parcel of land to be described therein. If the mis-description was the fraudulent act of the draftsman, it nevertheless was as between the parties, a mistake. But there is no evidence tending to show fraud, and it cannot be inferred.

II. The remaining question is, did Yetzer have notice of the mortgage and of the mistake. He testified he did not, and that he did not employ anyone to act for him in taking the mortgage. We think Mr. Yetzer used the term "employ" in the sense that he did

2. PRINCIPAL and agent:. knowledge of mortgage.

Sowler v. Day.

not agree to pay anyone to act for him. But still we think Dickerson was his agent, and that he is bound by the knowledge of such agent.

Dickerson is a member of a firm of land agents and abstractors, and such firm was employed to make out an abstract for one Newcomb. In doing so it was discovered Day had given the plaintiff a mortgage on Newcomb's land, instead of that described in the application to which the affidavit of Dickerson was attached. The latter, therefore, was charged with notice of the land Day desired to mortgage, and he was asked, when on the stand as a witness, whether he supposed Day "intended to mortgage Newcomb's land." His reply was "I had good reason to suppose it was a job set up by Day and Hopper, either on Newcomb or the loan company." If Dickerson had inquired of Day he would have ascertained it was not a "job" but a mistake, and such inquiry he was bound to make. Nor are we willing to admit, if he had good reason to suppose Day had committed a fraud on the plaintiff or loan company, that he was justified in aiding anyone to reap a benefit from such fraud.

Dickerson having full knowledge of the mortgage and of the mistake or fraud on the part of Day, and suggested to Hudspeth to purchase the same land intended to be mortgaged of Archer. Hudspeth did so, paying $500 for it, which Dickerson testified was worth at the time $1,800. Dickerson obtained the $500 so paid from Yetzer for Hudspeth, and the latter executed a mortgage therefor and included therein certain other indebtedness to Yetzer. The latter had no knowledge of the land, its value, or title. He relied on Dickerson to see that the title was good and the execution of the mortgage. In this respect, Dickerson was the agent of Yetzer, and the latter is bound by the knowledge of the former. This case is almost identical with that of *Jones v. Bamford*, 21 Iowa, 217. As the judgment below must be affirmed it is unnecessary to determined the motions filed by the appellee.

AFFIRMED.