## THOMPSON v. MERRILL.

1. **Principal and Agent**: NOTICE: LIABILITY. Where the agent, who negotiated for the purchase of lands, had notice at the time of certain outstanding leases, the principal will be bound by such notice, and the lessees can enforce their rights against him.

2. **Married Women**: COVENANTS OF DEED: LIABILITY OF. Where a married woman unites with her husband in the conveyance of lands, owned by her husband and another, the title to which is not in her name, the law will exhonerate her from all liability upon the covenants of the deed.

3. ———: ———: ESTOPPEL. A married woman who unites with her husband in a conveyance of her husband's lands, will not be estopped by the covenant of the deed from asserting, against the purchaser, an incumbrance, as a lease, outstanding at the time of the execution of the deed.

*Appeal from Polk Circuit Court.*

TUESDAY, JUNE 6.

THE plaintiff claims that she leased of the defendant, for one year, from March 1, 1877, a certain tract of land containing four hundred and forty-three and $\frac{65}{100}$ acres, and in consideration of said lease conveyed to defendant her right

of homestead and dower interest in said land, worth $1,500; that the defendant never delivered to plaintiff the possession of one hundred and forty-five acres of said land, and the plaintiff did not obtain possession, and did not have the use of said one hundred and forty-five acres during the said time. The plaintiff claims damages in the sum of $580.

The cause was tried to the court, and judgment was rendered in favor of plaintiff for $503.30. The defendant appeals. The facts are stated in the opinion.

*Barcroft, Gatch & McCaughan*, for appellant.

*Cole & Cole*, for appellee.

DAY, J.—Thomas Thompson and N. W. Thompson entered into a written contract with J. H. Merrill, to sell and convey to him all of the four hundred and forty-three and $\frac{65}{100}$ acres of land referred to in the petition, for the price of thirty-three and one-third dollars per acre, the greater part of which was to be paid by assuming certain incumbrances upon the land. This contract was signed by Thomas Thompson, N. M. Thompson, Salina A. Thompson and J. H. Merrill, and contains the following provisions: "And it is further expressly agreed that the said party of the second part, in consideration of the premises, shall lease said lands to the parties of the first part for and during the term of one year from and after the first of March, 1877, without other or further consideration.

It is further distinctly understood and agreed that the amount of money paid for the said land by the said Merrill, over and above assuming the incumbrances above specified, is paid in consideration of the surrender by Mrs. Margaret Thompson of her homestead right or claim in said property, and is to be paid to her, to be held by her in her own right for homestead purposes; and that the right to use the land for the year is in consideration of the surrender by Mrs. Salina A. Thompson of her homestead right in said land, and the benefit and right accruing by virtue of such lease is to

solely and wholly accrue to her in consideration of the sur-
render by her of her homestead right, and the avails thereof
to be used by her for homestead purposes."

Pursuant to this contract a deed of conveyance was exe-
cuted for all the lands embraced in said agreement, the mate-
rial portions of which deed are as follows: "*Know all men
by these presents,* that we, Thomas Thompson and Margaret
Thompson, his wife, and N. M. Thompson and Salina A.
Thompson, his wife, for and in consideration of the sum
of fourteen thousand seven hundred and eighty-eight, $\frac{33}{100}$
dollars, in hand paid by J. H. Merrill, have bargained,
sold and conveyed and by these presents do grant, bargain,
sell and convey unto the said J. H. Merrill the following de-
scribed premises, to-wit:     *     *     *     And hereby
covenant with the said J. H. Merrill, that we hold said prem-
ises by title in fee simple, that we have good right, and law-
ful authority to sell and convey the same, and that they are
clear of all liens and incumbrances whatsoever, except   *   *
which the said Merrill assumes, and hereby agrees to pay as
part of the said sum of fourteen thousand seven hundred and
eighty-eight $\frac{33}{100}$ dollars, the consideration above named. And
the said Margaret and Salina A. Thompson hereby relinquish
and convey all their title, right, dower and interset, including
homestead therein     *     *     *     *     In witness
whereof we have hereunto set our hands this third day of
February, A. D. 1877.

> " T. Thompson,
> N. M. Thompson,
> Salina A. Thompson,
> Margaret Thompson."

The legal title to one hundred and sixty acres of the land,
including the one hundred and forty-five acres which is the
foundation of this action, was in Thomas Thompson.   Pur-
suant to the contract and conveyance, J. H. Merrill executed
to Salina A. Thompson a lease of all of said land as follows:
"*Know all men by these presents:* That I, J. H. Merrill,

party of the first part, of Polk county, State of Iowa, in consideration of the release to him by Salina A. Thompson, of their, and each of their, rights of homestead in and to the real estate hereinafter described, has this day leased, and do farm let, unto the said Salina A. Thompson the said real estate, to-wit:     *     *     *     *   .   containing in all four hundred and forty-three $\frac{65}{100}$ acres, according to government survey, for all, and during the term of one year from and after 1st day of March, A. D. 1877." Thomas Thompson executed a written lease, of seventy acres of the land owned by him to George D. Pilmer, the lease being dated November 4, 1876, and running to March 1, 1878. Thomas Thompson also executed a written lease of seventy acres owned by him, to Alvan Ash, the lease being dated September 2, 1876, and running for the period of eighteen months. Pilmer and Ash took possession of the land leased to them respectively, and the plaintiff did not obtain possession of said land during the term of her lease.

Appellant's counsel present for our consideration, as embraced in the record, three questions, as follows:

"1.   Was there, at the time of the execution of the lease by defendant to plaintiff, an outstanding lease for a portion of the premises in the hands of a third person, which could be held as against either the plaintiff or defendant?

"2.   Is the plaintiff bound by the terms of the contract with, and the covenants in the deed to, the defendant J. H. Merrill?

"3.   If plaintiff is not bound by the covenants of the deed, is she estopped thereby to assert against the defendant, that the premises were incumbered by an outstanding lease upon a portion thereof at the time of the execution of said deed?"

As we understand the appellant's argument, if the first question submitted shall be answered in the affirmative, the liability of the defendant is conceded, unless either the second or third question submitted shall also be answered in the affirmative.

We proceed to a consideration of these questions in the order above indicated.

I.   *Was there, at the time of the execution of the leuse by defendant to plaintiff, an outstanding lease for a portion of the premises in the hands of a third person, which could be held as against either the plaintiff or defendant?*

The written leases to Pilmer and Ash were executed long before the deed to defendant and the lease from defendant to plaintiff.   They were, however, not recorded, and appellant contends that defendant had no notice of them at the time of his purchase, and that they were, therefore, invalid as against the defendant, and the plaintiff, his lessee, and that the plaintiff ought to have taken possession of the premises, and, having failed to do so, cannot hold the defendant liable.   The court found, however, as a fact, that defendant had actual notice of said leases, when he purchased said real estate.   This finding, we think, is abundantly supported by the evidence.   The negotiation for the purchase was conducted by Samuel Merrill, the brother of the defendant.   The evidence is very clear that during this negotiation Samuel Merrill was informed of these leases.   Notice to the agent is notice to the principal.   The lessees acquired rights which they could enforce both against the defendant, and his lessee, the plaintiff.

1. PRINCIPAL and agent: notice: liability.

II.   *Is the plaintiff bound by the terms of the contract with, and the covenants in the deed to, the defendant, J. H. Merrill?*

This question, it is evident, embraces two questions, as follows: First. Is the plaintiff bound by the terms of the contract with the defendant, J. H. Merrill?   Second. Is the plaintiff bound by the covenants in the deed to the defendant, J. H. Merrill?

2. MARRIED WOMEN: covenants of deed: liability of.

1.   In answer to the first branch of the question it may be said that in the contract with the defendant, Salina A. Thompson agreed only to surrender her homestead right in said land.   This she did by her conveyance.   Whilst, there-

fore, the contract is binding upon her, she has performed its conditions, and no liability upon it now exists.

2. The important part of the question is the second branch of it. It is apparent from the contract in question, that Salina A. Thompson did not own, and did not claim to own, any portion of the land, or to have any interest therein, except her homestead right. She was not recognized in the contract, except that she was to have a consideration for the surrender of her homestead rights. The contract for the conveyance was entered into "by and between Thomas Thompson and N. W. Thompson, of the first part, and J. H. Merrill of the second part." She united with her husband and Thomas Thompson in the conveyance of certain lands, the legal title to which was in her husband and in Thomas Thompson in severalty. She also united in the covenants of the deed. At common law a married woman was not liable in damages upon covenants in a deed of her own land, much less when she simply united in a deed of her husband's land. *Childs v. McChesney*, 20 Iowa, 431. It has been held in this State that a married woman, who unites with her husband in covenants of warranty, in a deed of conveyance of her husband's land, is not estopped by the covenants to set up an after acquired title in herself, against the husband's grantee. *Childs v. McChesney*, 20 Iowa, 431; *O'Neil v. Vanderburg*, 25 Id., 104.

These decisions were made under the provisions of the Revision of 1860. Since then, chapter 126 of the laws of 1870, has provided a substitute for section 2506 of the Revision as follows: "Contracts may be made by a wife, and liabilities incurred, and the same enforced by or against her to the same extent and in the same manner as if she were unmarried." It is claimed that under this provision of the law, the decisions heretofore made by this court are not applicable. We think, however, that section 1937 of the Code of 1873 is decisive of the question here presented. This section is as follows: "In cases where either the husband or wife joined

in a conveyance of real property owned by the other, the husband or wife so joining shall not be bound by the covenants of such conveyance, unless it is expressly so stated on the face thereof." It is claimed that this section is not applicable, because the land now in controversy was not owned by the husband of plaintiff, but by Thomas Thompson, another of the grantors in the deed. The position of the appellant would lead to this, that if the wife united with the husband in a conveyance of lands, of which he owned the title, but which were incumbered to the full extent of their value, the wife would not be bound by the covenants; but if from any cause the title of the husband should fail, and it should turn out that he did not own the lands, the wife would be bound by her covenants. This construction, whilst within the letter of the statute, does violence, we think, to its spirit. The purpose of this statute evidently is to exonerate the wife from liability upon the covenants in a deed, when the title is not in her, and she unites with her husband in a conveyance, for the purpose of surrendering whatever rights accrued to her in the property, by virtue of her marriage. The plaintiff's husband having agreed to convey this land as owner, and having executed a conveyance of it as such, is estopped to limit his conveyance and the covenants in his deed to the land which he actually owned. For the purposes of this case he is to be treated as the owner of the land, and within the spirit of section 1937 of the Code he is the owner of the land which he attempted to convey. Section 1937 of the Code provides that in the cases to which it applies, neither husband nor wife shall be bound by the covenants, unless it is expressly so stated on the face of the conveyance. No statement, manifesting a purpose that the wife shall be bound by the covenants in this conveyance, is discoverable anywhere on the face of the deed. We conclude that the covenants do not bind the wife.

III. *Is the plaintiff estopped, by the covenants in the deed, to assert against the defendant that the premises were incum-*

*bered by an outstanding lease upon a portion thereof, at the time of the execution of the deed?*

The evidence shows, and the court below found as a fact, that the plaintiff had no knowledge of the leases to Pilmer and Ash, though this fact is, perhaps, not material. It is but a corollary of the proposition that the covenants in the lease are not binding upon the plaintiff, that she is not estopped by them from asserting the truth, and insisting upon her rights thereunder. The judgment of the court below is

3. ——: ——:
estoppel.

AFFIRMED.