GALPIN V. GALPIN.

**Chattel Mortgage**: MADE TO DEFRAUD CREDITORS: ENFORCEMENT:
EVIDENCE OF FRAUD IN DEFENSE. Where a chattel mortgage is made
without consideration, and solely for the purpose of defeating the
creditors of the mortgagor, but ostensibly to secure a promissory
note, and the property remains in the hands of the mortgagor, and
the mortgagee attempts to enforce the mortgage by taking the
property, the mortgagor may plead and show in defense the want
of consideration and fraudulent character of the mortgage. Both
parties in such case being guilty of the crime defined by section
4074 of the Code, the law will leave them where it finds them, and
will not lend its aid to the consummation of the fraud by refusing
to hear testimony, showing the fraudulent nature and intent of the
transaction, to overcome the *prima-facie* case made by the mort-
gage itself.

*Appeal from Davis District Court.*—HON. CHARLES D.
LEGGETT, Judge.

FILED, MAY 16, 1888.

ACTION for recovery of specific personal property.
Plaintiff claimed the property under a chattel mortgage
executed by defendant as security for a promissory note
for five hundred dollars. He gave the bond provided by
the statute, and the property, which, since the execu-
tion of the mortgage, had remained in defendant's
possession, was delivered to him by the sheriff under
the order issued by the clerk. The defendant answered
that the mortgage was without consideration, and was
given, at plaintiff's instance and request, for the pur-
pose of defeating the collection of a judgment which
one Shopbell had recovered against him (defendant).
On the trial, plaintiff introduced in evidence the note
and mortgage under which he claimed, and rested.
Defendant then offered evidence tending to establish the
allegations of his answer, but, on plaintiff's objection,
the district court excluded the evidence, and directed

the jury to find for plaintiff, and subsequently rendered judgment in his favor on the verdict returned in obedience to that direction, and defendant appeals.

*S. S. Carruthers,* for appellant.

*Payne & Eichelberger* and *M. H. Jones,* for appellee.

REED, J.—The cases cited by appellee, and relied on as sustaining the ruling of the district court, are of two classes, viz. : (1) Cases in which a party to an unlawful or fraudulent contract, but which has been fully executed, sought to recover the consideration paid by him, and (2) cases in which a party to an executory contract, which, although tainted by fraud in its inception, was still supported by a valuable consideration, sought to defeat its enforcement. The uniform holding of the cases of the first class is, that the party is not entitled to relief. In the other class it has been held that the party will not be permitted to allege or prove the unlawful or fraudulent character of the contract to defeat its enforcement. The present case does not fall within either of those classes. The action is for the enforcement of a right claimed by plaintiff to have accrued to him under the contract. If the mortgage is valid, it conferred upon him the right to the possession of the property ; there being no provision in it to the contrary. But possession had not been delivered under it, and the contract, to that extent, was executory, and the action is for its enforcement. While, on its face, the contract imparts a consideration, it was absolutely without consideration ; and, because of the fraudulent intent with which it was executed, it was not only contrary to good morals and public policy, but was positively prohibited by law. The statute (Code, sec. 4074) denounces the making of such contracts as criminal, and imposes penalties upon the parties thereto by way of punishment for the act. The parties also are in *pari delicto.*

The question in the case is whether, when one of

the parties to such an agreement seeks the aid of the courts for its enforcement, the other will be permitted to show its real character for the purpose of defeating a recovery. It seems to us that there should be but one answer to that question. The courts will not be made the instruments for the consummation of the fraudulent or criminal purposes of parties. They will not lend their aid for the enforcement of contracts which have been entered into for the single purpose of accomplish-‐ ing criminal or fraudulent objects, but will leave the parties in the position in which they have placed them-selves; and they will do this, not for the purpose of protecting the one party from the consequence of his crime or fraud, but of preventing the other from reap-ing the fruits of his iniquity. It is to be borne in mind that it is plaintiff who is asking the aid of the court. The matter alleged by defendant, and which he pro-posed to prove, is purely defensive. It was set up, not as constituting a right in him, or as entitling him to any relief, but in resistance of the right alleged by plaintiff. If the real character of the transaction appeared on the face of the mortgage, there could be no question as to its effect. The courts would not enforce it, even if its enforcement were not resisted ; for, as we have said, relief is denied in such cases as a measure of preventive justice. But it was contended that the rule in such cases is that the question must be determined alone from the writing, and that, if it makes a *prima-facie* case for the plaintiff, the defendant should not be per-mitted to stultify himself by showing the criminal or fraudulent character of the transaction. That such a rule has obtained in cases where the contract sought to be enforced was supported by a valuable consideration, and was not criminal, although alleged to be fraudu-lent, is true ; and in that class of cases it is probably the true rule. But it would be a monstrous absurdity to hold that the law will aid a party to gather the fruits of his evil conduct, while it denounces and punishes the act as a crime. When parties contract in violation of the criminal law, they are not apt to embody the

evidence of their guilt in their written agreement ; and, if such contracts are to be defeated at all on the ground of their criminality, it must ordinarily be done upon extrinsic evidence.

We think, therefore, that the court erred in excluding the evidence, and the judgment will be

REVERSED.