S. E. MANKIN V. JOSEPH MANKIN *et al.*, Appellants.

**Principal and Agent: Notice of Agent's Fraud.** The grantee
1  in a deed is chargeable with fraud practiced by his agent in obtaining
it, though he has no notice of it.

2  Title of Heir of such grantee is no better than grantee had.

**Rescission: Estoppel.** Where a deed has been fraudulently obtained,
the grantor may set it aside, though she has obtained judgment for
3  the purchase price, without knowledge of the facts entitling her to
rescind, especially when nothing has been paid on the judgment and
when she offers to cancel it.

*Appeal from Montgomery District Court.*—HON. A. B.
THORNELL, Judge.

FRIDAY, MAY 25, 1894.

THIS is a suit in equity, and it involves the title to
forty acres of land. There was a decree for the plain-
tiff. Defendants appeal.—*Affirmed.*

*F. P. Greenlee* and *Smith McPherson* for appellants.

*C. E. Richards* and *J. M. Junkin* for appellee.

ROTHROCK, J.—I. It appears from the evidence,
that the plaintiff was at one time the wife of the de-
fendant L. D. Mankin. They resided together on a
farm of eighty acres, the title to which was in the
husband. Their married life was unhappy. The hus-
band was guilty of cruelty to his wife, and he was
inclined to be unfaithful to his marriage vows. His
conduct led to a temporary separation, which was
adjusted, and the parties resumed their marriage rela-
tions. As part of the compromise of their domestic
difficulties, the husband conveyed forty acres of the
farm to the plaintiff. The relations of the parties did

not long continue to be harmonious, and on the second day of March, 1889, they joined in a conveyance of the whole farm to Joseph W. Mankin, the father of L. D. Mankin, for a cash consideration of two thousand, four hundred dollars. Joseph W. Mankin was a resident of the state of Illinois. The defendant John Mankin is a brother of L. D. Mankin, and he came on to the residence of the other parties, as a representative of his father, to effect the transfer of the land. The plaintiff claims that she was unwilling to sell her land, but that she was induced to make the sale and conveyance by the grossest fraudulent representations and deception practiced upon her by her husband and said John Mankin. We will not set out the evidence, but we think the court rightly found that the deed was procured from the plaintiff by deception and villainy. The upshot of the matter was, that the husband obtained possession of all the money from the sale of the farm, as well as from the sale of the personal property on the farm, and left for the state of Kansas with the plaintiff, pretending that he would purchase a home and reside in that state. Upon his arrival in Kansas, he falsely charged the plaintiff with stealing the money from his pocket, and deserted her, and never returned.

There is no real or even doubtful question of law in the case. John Mankin, the agent of Joseph W. Mankin, was an active participant in the fraud. If it had not been for his artful deceit, it is not probable that plaintiff would have made the conveyance. Joseph W. Mankin was bound by the acts of his agent, John Mankin, the same as if he had notice of the fraud. *Jones v. Bamford,* 21 Iowa, 217; *Crumb v. Davis,* 54 Iowa, 25, 6 N. W. Rep. 53; *Smith v. Dunton,* 42 Iowa, 48; *Sowler v. Day,* 58 Iowa, 252, 12 N. W. Rep. 297. It appears that Joseph W. Mankin died intestate pending this action, leaving a widow and four children, two of them being the said L. D. Mankin and John

Mankin. The widow and the other children were made parties hereto. The two sons who were the active participants in the fraud inherited one third of the land in controversy from their father. The death of the grantee in the fraudulent deed conferred no more right upon his heirs than he had, and we think the decree is operative against the widow and all of the children.

II. When the defendant L. D. Mankin was about to desert the plaintiff in the state of Kansas, she commenced an action against him, in which she obtained personal service of notice, and, after he was gone, she took judgment against him. It is claimed that the commencement of that action, and its prosecution to judgment, are a bar to this suit, in the nature of an estoppel. At the time she brought that suit, she did not know of the fraud practiced by John Mankin to induce her to convey her land. She had no knowledge of the facts as to the agency of said John Mankin in the transaction which would authorize the maintenance of an action in equity to set aside the deed. We know of no principle of law, and we are cited to no authority, by which the plaintiff is estopped from maintaining the only form of action which will afford the relief to which she is entitled. Her late husband has not paid a dollar of the judgment, and he makes no offer to do so. She offered, in her reply, to rescind and cancel said judgment. The decree of the district court is AFFIRMED.