W. E. BALDWIN AND IOWA NATIONAL BANK OF OTTUMWA, IOWA, Appellants, v. T. J. DAVIS, ELLA S. DAVIS, et al.

Action to Foreclose Mortgage: Notes: WANT OF CONSIDERATION: KNOWLEDGE OF PAYEE. Evidence examined and notes and mortgages in suit found to be without consideration and given to delay creditors, with full knowledge of payee and of the bank holding same as collateral security; held not enforceable by either.

*Appeal from Van Buren District Court.*—HON. F. W. EICHELBERGER, Judge.

SATURDAY, OCTOBER 11, 1902.

ACTION in equity to foreclose a mortgage given to secure certain promissory notes executed by T. J. Davis. Judgment dismissing the claims of W. E. Baldwin and the bank. Plaintiffs appeal.—*Affirmed.*

*Mitchell & Sloan, W. A. Work* and *F. M. Hunter* for appellant.

*A. C. Steck, W. H. C. Jaques* and *Wm. McNett* for appellees.

SHERWIN, J.—This action was originally brought by the plaintiff Baldwin on three notes of $5,000 each and one of $3,000, all dated December 7, 1896, executed by T. J. Davis, made payable to Baldwin, and secured by a mortgage on real estate, signed by the defendant T. J. Davis and by his wife, Ella S. Davis. Afterwards the plaintiff bank filed its petition, alleging that some five years before the plaintiff Baldwin indorsed and delivered to it as collateral security for money loaned to him three notes of $4,000 each, executed by T. J. Davis to said Baldwin; that on December 7, 1896, it surrendered the three $4,000 notes to Baldwin, and in consideration thereof he indorsed and delivered to it the three $5,000 notes in suit, as collateral security for the money loaned to him. Davis alleges that the three $4,000 notes given to Baldwin on the 30th day of October, 1894, and the notes in suit were all fraudulently obtained by Baldwin, and that they were wholly without consideration, and that the plaintiff bank had full notice and knowledge that such was the case. At the time of the transactions involved in this case Baldwin was a stock dealer practically without means, and a large borrower of the funds necessary to carry on his business transactions in that line. Davis was also a poor man, with but small assets, except his expectation of realizing a considerable fortune from the estate of a deceased Davis, whom he claimed to have been his father. He was in fact engaged in litigating his claim in Montana, and eventually recovered something thereon. We cannot review in detail the evidence presented to us in abstracts of nearly 600 pages. It is enough to say that we have given it the careful examination and the full consideration which the importance of the interests involved demand and that we are fully convinced that both sets of notes herein referred to were wholly without consideration, and that as to the $5,000 notes, at least, they were given for the purpose of hinder-

ing and delaying the creditors of Davis, with full knowledge thereof on the part of Baldwin, if not at his instigation. The notes and the mortgage securing them, being without consideration, and tainted with this fraudulent purpose on the part of both Baldwin and Davis, will not be enforced by the courts as between them. *Galpin v. Galpin*, 74 Iowa, 454.

There is much evidence tending to support the claim that the bank never held the $4,000 notes as collateral security for the debts of Baldwin to it, and we are constrained to hold that it has not sustained its contention in this respect by the weight of the evidence. When the $5,000 notes and the mortgage securing them were executed, the bank was represented by an agent, who then had in his possession the $4,000 notes. They were not mentioned, however, in the conversation which culminated in the execution of the other notes and the mortgage, nor were they figured up, or made the basis or consideration for them. And, furthermore, it was clearly made known to the bank's agent at that time that such notes were at least partially without consideration, and that their purpose and the purpose of the mortgage was to defeat an anticipated demand against Davis by another party. From this conclusion there can be no escape, for the contention that Mitchell was not acting as the agent of the bank is, we think, without merit. With this knowledge as to the character of the notes in his possesion as the agent and attorney of the bank, it is elementary that the bank is to be charged with such knowledge, and that it was not, therefore, a holder of the notes in good faith, without notice of the infirmities inhering in them. *Jones v. Bamford*, 21 Iowa, 217; *Allen v. McCalla*, 25 Iowa, 464; *Bank v. Duncombe*, 48 Iowa, 488.

The judgment is right, and it is AFFIRMED.