ELIZABETH MANSON, v. ALEXANDER SIMPLOT *et al*, Appellants.

**Foreclosure of Mortgage**; PRINCIPAL AND AGENT:  KNOWLEDGE OF
1    AGENT.    A principal is bound by the knowledge of his auth-
orized agent.

**Guardian and Ward**: FUNDS OF WARD:  HOW HELD.    A guardian
2    cannot use his ward's money without authority, and one who
receives the money of an infant with knowledge of a want of
authority in pay or to use it holds it in trust.

**Improper Use of Ward's Funds**; RATIFICATION.    Where the guar-
3    dian uses funds of his ward, with his knowledge, and arriv-
ing at age he ratifies the transaction, he cannot complain.

*Appeal from Dubuque District Court.*—HON. FRED O'DON-
NELL, Judge.

THURSDAY, JANUARY 22, 1903.

AN action to foreclose a real estate mortgage given by
Alexander and Charles Simplot to secure their joint note
of $10,000.    The defendant Franklin A. Simplot was the
son of Alexander Simplot, and when he was about sixteen
years of age he recovered of the Chicago, St. Paul & Kan-
sas City Railway Company $4,800 for an injury which he

received while in its employ. His father received this money as his guardian, and immediately used $3,800 of it to pay on the note given by himself and his brother to this plaintiff. At the time he made this payment, he made his individual note to his son, Franklin, and, as security therefor, executed a second mortgage on the property covered by the plaintiff's mortgage. This note was left with Mr. Lyon for safe-keeping for the son, and the mortgage was properly recorded. This action was commenced in December, 1897, and Franklin A. Simplot was at that time past twenty-four years of age. By cross-petition he alleged that the $3,800 of his money paid by his father to the plaintiff was paid with the knowledge of the plaintiff that it was his money, and under an agreement with her that he should have an assignment of her mortgage for that amount, and should have a first lien on the property therefor. He asked for a judgment against his father for $3,800, with interest, and that it be declared a first lien on the interest of his father in the property covered by the plaintiff's mortgage. There was a decree of foreclosure for the plaintiff, adjudging her mortgage a first and superior lien on the premises. There was also a judgment in favor of Franklin A. Simplot against Alexander Simplot and his mortgage was decreed to be a second lien on the property. The defendant, Franklin A. Simplot appeals.—*Affirmed.*

*Henderson, Hurd, Lenehan* and *Keisel* for appellant.

*Lyon & Lyon* for appellee.

SHERWIN, J.—The payment in question was made to the plaintiff's son, who is shown to have been her duly authorized agent to receive it, and whatever knowledge he had as to the character of the fund which was paid to him, or as to the authority or want of authority on the part of the guardian to so use it, must be imputed to the plaintiff, for under

1. PRINCIPAL and agent: knowledge of agent.

such circumstances the knowledge of the agent is that of the principal. *Jones v. Bamford*, 21 Iowa, 217.

II. The guardian had no authority from the court to use his ward's money for the payment of his own debt, and in thus appropriating it he was acting wrongfully. *Bates v. Dunham*, 58 Iowa, 308. And if the plaintiff knew, or under the circumstances should have known, that the money she received was wrongfully paid to her, she would hold it for the benefit of the *cestui que* trust. 2 Perry, Trusts, section 832.

2. GUARDIAN and ward: funds of ward: how held.

III. And in this case, if there had been no ratification of the transaction after the ward became of age, it would perhaps be the duty of the court to grant the relief asked by Franklin A Simplot, because we are inclined to the view that the plaintiff's son knew that the money belonged to Franklin Simplot, and that it was used for the payment of his father's debt without authority of law. But we need not determine this definitely, for the evidence convinces us that it was so paid under the express direction of the ward, who was present at the time, and took part in the transaction, and accepted the note and mortgage executed by his father for the money. True, he was an infant at that time, and his part in the transaction would not bind him, providing he saw fit to disaffirm the same after his legal disability was removed. This, however, he did not do. On the contrary, soon after he became of age, he was fully advised of the transaction, and knew that he held his father's note for the money and a second mortgage securing the same. If he was n)t satisfied with this security, it was his duty to disaffirm his contract within a reasonable time, and this he did not do. *Jones v. Jones*, 46 Iowa 466. If there had been an agreement that the payment of this money should operate as an equitable assignment of a corresponding interest in the plaintiff's mortgage, the appellant would be entitled to the relief asked, but the

3. IMPROPER use of ward's funds: ratification.

evidence does not satisfy. us that there was such an agreement. Nor are we able to find that the appellant was under any mental disability at the time of any of the transactions in question.

The judgment is AFFIRMED.