E. F. BETTANIER, and LEONIA BETTANIER, v. POWELL SMITH, Appellant, and other defendants.

**Negotiable instruments:** BONA FIDE PURCHASER: EVIDENCE. One who simply ratifies the alleged purchase by his agent of a negotiable note indorsed in blank, the possession of which is retained by the agent with knowledge that the ownership is in fact in another, is not a bona fide purchaser in the usual course of business.

*Appeal from Adams District Court.*— HON. W. E. MILLER, Judge.

FRIDAY, FEBRUARY 9, 1906.

SUIT in equity to recover a note and a mortgage securing the same, alleged to be the property of the plaintiffs. The defendant Smith answered claiming to be the owner

thereof.    There was a trial and a judgment for the plaintiffs.    The defendant Smith alone appeals.— *Affirmed.*

*Crum, Jaqua & Crum,* for appellant.

*Sullivan & Sullivan* and *F. C. O. Key,* for appellees.

SHERWIN, J.— The plaintiffs were depositors in the Corning State Savings Bank, of which F. L. La Rue was at the time the president, and E. A. Scholz the vice president.    The evidence shows that in March, 1903, the bank or La Rue purchased for the plaintiffs with their funds a certain note of $5,000, executed by Thos. L. and Lucy A. Maxwell to E. A. Scholz.    The note was indorsed by Scholz in blank, and the mortgage securing the same was duly assigned to the plaintiffs by a written assignment that was not recorded.    The note and mortgage were retained in the bank or by La Rue until the failure thereof in March, 1904.    For several years prior to the failure of the bank La Rue had been the agent of the appellant Smith, a nonresident of the state, in investing money and leasing land, and in April, 1901, La Rue had in his hands as such agent some $8,000 in cash, notes, and bonds.    Smith was in Corning in October, 1903, and was then informed by La Rue that his investments for him were valuable.    Smith returned to Corning in January, and at that time La Rue exhibited to him notes and securities which he claimed he had secured for him by purchase and otherwise, and amongst them were the note and mortgage executed by the Maxwells.

Smith testified:    " Mr. La Rue showed me that day, as my property — the outcome and proceeds of the business he had been transacting for me during the three years — the Maxwell note and mortgage for $5,000, a note for $3,000, signed by H. H. La Rue and himself, and $1,500 of Prescott Bank stock.    The papers I have named, with some other papers of mine, I left with him, and he gave me a receipt

for them. . . . He kept them there. . . . He showed me where he kept them," and " put them back in the safe." Smith testified further that he did not know that La Rue had purchased the Maxwell note for him until then, and at that time he had no money in the La Rue Bank. He also testified that the funds La Rue invested for him were invested in mortgages, notes, and bonds.

We have set out Smith's testimony thus fully for the purpose of showing the real nature of the transaction between him and La Rue at that time, for he now contends that he then acquired title to the note in good faith, for a valuable consideration, and without notice of any defect in La Rue's title or right to transfer it to him.

The appellant relies on the principle that a negotiable note indorsed in blank passes by delivery, and contends that Smith, not knowing that it was the property of the plaintiffs, became the *bona fide* holder thereof. But a *bona fide* holder must be a purchaser " in the usual course of business." 2 Randolph on Com. Paper, 988; *Wormer v. Waterloo Agricultural Works,* 50 Iowa, 262. The only ground on which the 'appellant's contention can possibly rest is that he took the note in satisfaction or payment of a pre-existing debt due him from La Rue, and, if there was evidence to support such theory, there could be no doubt as to his legal rights. *Johnson v. Barney,* 1 Iowa, 531; *Iowa College v. Hill,* 12 Iowa, 462; *Bank v. Hall,* 106 Iowa, 541. The difficulty with his position is, however, that he did not so take the note. La Rue was his agent and exhibited the note simply as one having been theretofore purchased with his money. There was no pretense of a present purchase thereof or of its acceptance in extinguishment of any debt due to the appellant. If there ever was a purchase of the note for or on account of the appellant, it was made by his agent with full knowledge of the plaintiffs' ownership thereof; and hence in the transaction in question Smith did no more than to ratify the alleged purchase, and was not a

*bona fide* holder within the meaning of the law. *Baldwin v. Davis,* 118 Iowa, 36 and cases cited; 1 Randolph on Com. Paper, 779; *Rickle* v. *Dow,* 39 Mich. 91; *Kelly v. Pember,* 35 Vt. 183.

The judgment of the district court is clearly right, and it is *affirmed.*