I. M. MERRITT, Appellant, v. CORA A. HUBER.

**Principal and agent:** SUBAGENCY: LIABILITY OF PRINCIPAL.  An agent when authorized may employ a subagent or assistant, whose knowledge concerning his act done within the scope of his authority will be imputed to the principal.

*Appeal from Tama District Court.*— Hon. Obed Caswell, Judge.

Monday, January 20, 1908.

The opinion states the case.— *Reversed.*

*Wm. S. Gallagher,* for appellant.

*S. C. Huber,* for appellee.

Sherwin, J.— The plaintiff operated a portable saw-mill, and the defendant sent thereto certain logs, which were to be sawed according to directions. ˙ One of the logs was cut from a tree that stood in the defendant's yard, and there was embedded therein, out of sight, an " old gate iron." In sawing the log the saw struck the iron and was broken. This suit was brought to recover the value of the saw; the plaintiff in her petition alleging negligence on the part of the defendant, and a rule, known to the defendant, that no yard logs or logs containing iron would be sawed. The case was tried below on an agreed statement of facts, from which it appears that the defendant employed one Hamiel as general help on her farm, and authorized him to cut and haul the logs to the plaintiff's mill. It is also admitted that the defendant, through her agent, Hamiel, employed one Dye to help cut and haul said logs, and that Dye knew of the plaintiff's general rule that yard logs or logs containing iron would not be sawed, that the log was not marked as a yard log, and that none of the parties knew that it in fact contained the iron. It was also agreed that the defendant had no personal knowledge of the rule as to sawing yard logs, and that the plaintiff used reasonable care.

The plaintiff contends that there was an implied warranty that the logs delivered to her to be sawed were fit for the purpose without injury to her mill. We find it unnecessary to determine this question, however, because of

our conclusion on the other branch of the case. It is agreed that Hamiel was the agent through whom the contract for sawing the logs was made. He employed Dye to assist him, and Dye in fact either cut or helped cut the log in question and hauled it to the plaintiff's mill. If Dye can in any just sense be held to be the agent of the defendant in the transaction, his knowledge of the rule in question would be imputed to the defendant, and she would be guilty of a wrong in delivering a yard log, at least without notice to the plaintiff that it was such. The distinction between principal and agent and master and servant is very difficult to define, but the two relations are essentially similar, and the real difference between them may be said to be one of degree only. Hence the true distinction is to be found in the nature of the service to be performed and the manner of its performance. Here the defendant delegated the work to Hamiel, and the agreed facts admit his agency and impliedly admit his authority to employ Dye. That an agent, with authority, may appoint a subagent, whose knowledge will be imputed to the principal, is well settled. Mechem on Agency, section 728. Dye, with full knowledge of the rule, and while acting strictly within the scope of his employment, delivered the log to the plaintiff without any warning that it was a yard log, or that it might contain iron because of the location of the tree from which it was cut, and we are of opinion that his knowledge should be held to be notice to the defendant under the rule announced in *Gensburg v. Marshall Field & Co.,* 104 Iowa, 599; *Jones v. Bamford,* 21 Iowa, 217; *Thompson v. Merrill,* 58 Iowa, 419 and *Huff v. Farwell,* 67 Iowa, 298.

We are constrained to hold that the trial court erred in its judgment, and that the case should be *reversed.*