CHARLES H. BOSLEY v. LUCRETIA STEWART and GEORGE STEWART, Appellants, and ROXANA BOSLEY ET AL.

**Partition:** *res judicata.* A mortgagor who is made a party to the .foreclosure suit and failed to plead that the mortgage was fraudulent cannot subsequently raise that question, as against the purchasers at the foreclosure sale, in a suit to partition the property.

**Adverse possession by mortgagor:** EVIDENCE. While in general the possession of a mortgagor after foreclosure is that of a *quasi* tenant of the purchaser, still if the mortgagor openly and notoriously claims title in himself for the statutory period he may thus acquire title by adverse possession. Evidence held to show title by adverse possession.

*Appeal from Clinton District Court.*—HON. A. P. BARKER, Judge.

FRIDAY, OCTOBER 30, 1908.

SUIT for the partition of a lot. There was a judgment for the plaintiff, from which the defendants, Lucretia Stewart and George Stewart, appeal. *Affirmed.*

*L. F. Sutton,* for appellants.

*C. H. George* and *Wolfe & Wolfe,* for appellee.

SHERWIN, J.—This action was brought for the partition of lot 19, block 26, in the city of Clinton, Iowa. The appellants answered, alleging ownership of the lot under and by virtue of a sheriff's deed issued upon the foreclosure of a mortgage given to Lucretia Stewart by Reed W. Bosley and Roxana Bosley, her father and mother. The execution of the mortgage by Reed W. Bosley and the fore-

closure thereof, and the deed to the appellant, Lucretia Stewart, were all admitted facts, but the plaintiff and the other appellees alleged that the mortgage to Lucretia Stewart was without consideration, and given by said Reed W. Bosley for the purpose of defrauding his creditors, and that, at the time of the foreclosure of said mortgage, the said Lucretia Stewart agreed with Roxana Bosley that, when the lot was sold by the sheriff under the foreclosure proceedings, it was to be bid in by Lucretia in her mother's name, and the deed therefor executed to her; that in accordance with such agreement the said Roxana Bosley made no defense to the foreclosure suit, and the deed to the lot was obtained by Lucretia Stewart through fraud, or by oversight or mistake. It was also alleged that, at the time of the execution of said mortgage, the lot in question was the homestead of the mortgagor, and that said Roxana Bosley did not sign it. The appellees further pleaded that, ever since the execution of said sheriff's deed, and for more than ten years prior to the commencement of the action, the lot in question had been in the open, visible, notorious, and adverse possession of said Reed W. Bosley and Roxana Bosley as against Lucretia Stewart, and that the statute of limitations had run against any claim she had thereto other than her interest as an heir of Reed W. Bosley. Upon these issues the case was tried, and judgment rendered for the plaintiff.

Reed W. Bosley purchased the property in question in 1864 or 1865, and it is admitted that it was at all times thereafter occupied by him as the home for himself and family up to the time of his death in 1905. The mortgage in question was executed in 1879, and it purported to secure the payment of a note payable to the appellant, Lucretia Stewart. The mortgage was foreclosed in March, 1882, and the sheriff's deed under the foreclosure proceedings was issued to the appellant in July, 1883, and recorded in May, 1884. During all of this time the ap-

pellant was a single woman, living on said premises with her parents. She was married to her codefendant in 1888, and they both lived with her parents from the time of their marriage until 1895, she helping about the house, and her husband paying his board. The trial court found against the contention of the appellees on all questions except that of adverse possession. It was determined that Mrs. Bosley signed the mortgage, and we think the finding has ample support in the record.

On the question of the fraudulent character of the transaction, the court held that, whatever the facts might be as to that, the defense, if any there was, was waived

1. PARTITION: res judicata.

by Reed W. Bosley and his wife, Roxana, who were parties to the foreclosure suit, by their failure to then interpose it. The record shows without material conflict that both Reed W. Bosley and his wife were made parties to the foreclosure suit, and were properly served with notice thereof, and hence it follows that, if they had any defense to the mortgage, it was their duty to then plead it and have it determined, and, failing to do so, they cannot now be heard on that question. *Baldwin v. Davis,* 118 Iowa, 36; *Galpin v. Galpin,* 74 Iowa, 454; *Murphy v. Cuddihy,* 111 Iowa, 645.

On the question of adverse possession the court found with the plaintiff, and we think it clear that the finding was fully warranted by the evidence, and must be sus-

2. ADVERSE POSSESSION BY MORTGAGOR: evidence.

tained. The evidence is quite conclusive that the mortgage in question was in fact given to the appellant for the purpose of hindering and delaying a creditor of Reed W. Bosley, and that no consideration was paid therefor by the mortgagee. There is no question but what the premises in question were the homestead of Reed W. Bosley and his family, and there is nothing in the record, except the execution of the mortgage, tending even to show that the homestead was liable for the debt which it was claimed the mortgage

was given to defeat, and, in the absence of such showing, it cannot be said that the transaction between Lucretia Stewart and her parents was in fact fraudulent, because intent alone does not constitute fraud; but, however this may be, we are very clearly of the opinion that the mortgagor executed the instrument in question for the purpose stated, and that it was so understood by Lucretia Stewart. The parents, notwithstanding the sheriff's deed, retained actual possession of the property, as we have seen, until the death of the father. The appellant lived in the house for many years thereafter and until after her marriage. After she left home with her husband, Reed W. Bosley and his wife continued in possession of the property, and exercised complete dominion thereover. Not only this, but the evidence shows that they claimed to be the real owners thereof, and Lucretia Stewart, during this time, and up to a very short time before this suit was brought, disclaimed the ownership of the property, and on one occasion offered to buy it of her mother. If it is true that the evidence shows that the property was assessed in the name of Lucretia Stewart a part of the time, and that some of the tax receipts were issued in her name, these facts are not at all conclusive. The property standing in her name of record, it would be quite natural that it be assessed to her, and being so assessed, it would be quite natural also that the tax receipts run in her name, no matter who might in fact pay the taxes, and on the question of who in fact did pay the taxes during all of the years subsequent to the deed in question, the evidence is conflicting. The appellant relies upon the proposition that after the execution of the deed the possession of Reed W. Bosley was subject to the title of Lucretia Stewart, unless the contrary appears. It is undoubtedly the rule that, when land is sold under foreclosure or other legal proceedings, and the debtor retains possession, his relation to the purchaser is that of a *quasi* tenant, and his continued possession is not adverse

until some affirmative claim is made by him antagonistic to the title of the purchaser. 1 Cyc. 1054; 9 Current Law, 43; *Swift v. Agnes*, 33 Wis. 228. But it is equally as true that the possession of the judgment debtor may be adverse to that of the purchaser under a judgment, and it will be so held, when it is shown that he has claimed title in himself, openly and notoriously, for the statutory period. See citations, *supra,* and *Chalfin v. Malone*, 9 B. Mon. (Ky.) 496 (50 Am. Dec. 525).

The record brings this case within the rule thus stated, the judgment must be, and it is, *affirmed.*